STATE OF IOWA, appellee, v. CLARENCE C. F. SONDERLEITER, appellant.

No. 49665.

(Reported in 99 N.W.2d 393)

NOVEMBER 17, 1959.

Anthony M. Critelli, of Des Moines, for appellant.

Norman A. Erbe, Attorney General, Marion R. Neely, Assistant Attorney General, Ray Hanrahan, County Attorney, and Don Daughton, Assistant County Attorney, all of Des Moines, for appellee.

THORNTON, J.—Defendant was convicted under the provisions of section 321A.32, paragraph 1, Code of Iowa, 1958. He proceeds here upon printed record, brief and argument and urges two propositions for reversal.

Defendant first contends the notice of suspension and revocation was inadmissible because a proper showing was not made for the introduction of secondary evidence. This contention is without merit. The State offered in evidence the notice of revocation of defendant's driver's license and the suspension of his registration plates on the oral testimony of the acting Director of Safety Responsibility and Drivers License Division of the Department of Public Safety. He testified he was the custodian of such records. The department is required by law to keep such records. Sections 321.31, 321.199 and 321.200, Code of Iowa, 1958.

The fact the notice offered was a carbon or duplicate copy of the notice allegedly mailed to defendant does not affect its character as an official record. This evidence is admissible to show the official act of the department of revoking defendant's license and for what period. A duly certified copy of this notice would have been admissible under section 622.43, Code of Iowa, 1958, and is admissible upon the oral testimony of the custodian. Tracy, "Introduction of Documentary Evidence", 24 Iowa Law Review 436, 448; 20 Am. Jur., Evidence, section 1025, page 863; 32 C. J. S., Evidence, section 637, page 489; Conrad, Modern Trial Evidence, Volume 2, section 880, page 106; and State v. Hill, 244 Iowa 405, 413, 57 N.W.2d 58, 63, and citations.

II. Defendant next contends it is an element of proof in the crime charged that defendant actually receive the notice, the court should have so instructed and he was entitled to a directed verdict because there was no such proof. He claims this is necessary to show criminal intent or guilty knowledge. The simple answer to this claim is the legislature did not so provide. And the crime charged is one the legislature is well within its power in not requiring criminal intent. Driving while a license is revoked or registration suspended is not malum in se and it does not involve moral turpitude. 22 C. J. S., Criminal Law, sections 29, 30, pages 84, 85 and 86; State v. Schultz, 242 Iowa 1328, 1331, 50 N.W.2d 9.

The statute is to be construed strictly, all doubts are resolved in favor of the accused, and the legislative intent to eliminate guilty knowledge should be clearly apparent. State v. Hill, supra; State v. Dahnke, 244 Iowa 599, 57 N.W.2d 553; State v. Schultz, supra; and State v. Cooper, 221 Iowa 658, 265 N.W. 915. From an examination of section 321A.32 making it a misdemeanor to drive on the highway while under suspension, revocation or denial of license, registration or nonresident's operating privilege we find nothing that indicates the legislature intended to require criminal intent or knowledge of the revocation, suspension or denial. Certainly the legislative intent is clear, when, as here, criminal intent is left out of a statute of the general class that does not ordinarily require criminal intent. 61 C. J. S., Motor Vehicles, section 591, page 686.

Also, in this case, the license was revoked under section 321.209. This section makes the revocation mandatory and where, as here, the revocation is for driving a motor vehicle while under the influence of intoxicating liquor the sentencing court sets the period of revocation as provided in section 321.281. And we find no statute requiring the department to give defendant notice under such circumstances. It is not the notice that revokes the license but the provisions of section 321.209.

Everyone is presumed to know the law, we cannot hold otherwise in the case of this defendant. State v. O'Neil, 147 Iowa 513, 519, 126 N.W. 454, 33 L. R. A., N. S., 788, Ann. Cas. 1912B 691.

III. Section 793.18, Code of Iowa, 1958, requires us to examine the record and if a substantial right is invaded to render such judgment on the record as the law demands. This is true, even though the defendant, as here, does not raise the point. State v. Cusick, 248 Iowa 1168, 84 N.W.2d 554. The evidence shows defendant's operator's license was revoked under section 321.209. And this prosecution was brought under section 321A.32, which section provides, in part:

"1. Any person whose license or registration or nonresident's operating privilege has been suspended, denied or revoked *under this chapter* or continues to remain suspended or revoked *under this chapter,* * * *." (Emphasis added.)

There is no question here of continuing to remain revoked. The State's evidence shows the license was revoked July 9, 1958, to September 6, 1958. The evidence shows the crime was committed August 27, 1958.

Chapter 321 and chapter 321A are two separate chapters of the Code. And inasmuch as the license was revoked under section 321.209, a section in chapter 321, and section 321A.32 is in chapter 321A, the conviction for driving while the operator's license was revoked cannot be sustained. Suspension and revocation are not the same. They are separate powers granted by separate Code sections. The evidence shows the operator's license was revoked under section 321.209. There is no evidence the operator's license was suspended. There is evidence the registration of all motor vehicles owned by defendant was suspended on July 21, 1958, but no evidence such suspension was

110

in effect August 27, 1958. The court did not submit the question of suspension of registration to the jury. The only question submitted was "while license is under suspension." The act of defendant complained of is not a crime under section 321A.32. —Reversed.

All JUSTICES concur except LARSON, C. J., who dissents.