PEOPLE *v.* NEWSOM
PEOPLE *v.* YOUNG

1. LARCENY—LARCENY FROM THE PERSON—ILLEGAL TRANSACTION.
   Courts should lend active aid in punishing persons who obtain money or property from others by criminal means and it is not a defense that the complaining witness was himself engaged in an illegal transaction.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2]  50 Am Jur 2d, Larceny §§ 60, 136.
[3, 6]  21 Am Jur 2d, Criminal Law §§ 485–487.
[4]  29 Am Jur 2d, Evidence § 224 *et seq.*
[5]  21 Am Jur 2d, Criminal Law § 504 *et seq.*

2. LARCENY—FROM THE PERSON—ILLEGAL TRANSACTION—PROSTITU-
TION.

> The defendant's forcefully taking back money he had paid to
> . a prostitute after they had completed their transaction con-
> stituted the crime of larceny from a person; the fact that
> the complainant's sale of sexual services was illegal was not
> a defense.

3. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS—COURT RULE
—JURISDICTION.

> The court rule imposing on the trial court the duty to determine
> the voluntariness of a defendant's plea of guilty before ac-
> cepting the plea is mandatory; however, failure to comply
> with the rule is not considered jurisdictional (GCR 1963, 785).

4. CRIMINAL LAW—PRESUMPTION OF INNOCENCE—CONVICTED DEFEND-
ANT.

> A convicted defendant no longer enjoys the presumption of in-
> nocence; if the court had jurisdiction to enter the conviction,
> the conviction is presumptively valid.

5. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—VOLUN-
TARINESS—COURT RULE.

> A convicted defendant seeking to withdraw his plea of guilty
> either must show a violation or denial of constitutional rights
> or must assert such facts as would, if true, substantiate a
> finding that there was noncompliance which resulted in a
> miscarriage of justice; a technical noncompliance with a
> court rule is not sufficient to require that a defendant be
> allowed to withdraw his plea of guilty (GCR 1963, 785).

6. CRIMINAL LAW—PLEA OF GUILTY—VOLUNTARINESS.

> The trial court properly accepted the defendant's plea of
> guilty even though it did not interrogate the defendant con-
> cerning the voluntariness of the plea, where the defendant
> was advised of the charge and the maximum sentence, af-
> firmatively replied to the court's question whether he under-
> stood the charge and the maximum sentence, stated facts which
> showed a substantial basis for accepting the pleas, was rep-
> resented by counsel, and on appeal, defendant does not allege
> that he is innocent or that his plea was not freely and volun-
> tarily given (GCR 1963, 785).

Appeal from Wayne, Joseph A. Sullivan, J. Sub-
mitted Division 1 June 9, 1970, at Detroit. (Docket
Nos. 7,219, 7,502.) Decided July 28, 1970.

Billy J. Newsom and Randolph R. Young were convicted, on their pleas of guilty, of larceny from the person. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Division, and *Arthur N. Bishop,* Assistant Prosecuting-Attorney, for the people.

*William Brodhead,* for Billy J. Newsom on appeal.

*Perlman & Garber (Gilbert A. Donohue,* of counsel), for Randolph R. Young on appeal.

Before: DANHOF, P. J., and V. J. BRENNAN and J. J. KELLEY, JR.,* JJ.

DANHOF, P. J.   Both defendants were charged with robbery armed, MCLA § 750.529 (Stat Ann 1970 Cum Supp § 28.797).   They pled guilty to reduced charges of larceny from a person, MCLA § 750.357 (Stat Ann 1954 Rev § 28.589).

The defendants recited in considerable detail sordid facts which indicated the truth of their pleas. The defendants said that on September 28, 1968, they were solicited by two women and that the four of them then went to a motel where the defendants purchased the women's sexual services for $10 each. The defendants stated that following the completion of the transactions they discovered that the women had stolen money from them and that this made the defendants angry.   They then forcefully took back the stolen money and defendant Newsom also took back the $10 he had paid and a watch and ring from

---

* Circuit judge, sitting on the Court of Appeals by assignment.

one of the women while defendant Young took back the $10 he had paid the other woman for her services.

On appeal defendant Young's only argument is that his actions did not constitute a crime since the agreement he made to purchase sexual services was illegal and so his forcefully taking back the $10 was not a crime.

We are not persuaded by .that argument. The trial court did not enforce any contract legal or otherwise. The agreement had been completed and both parties had received the agreed-upon consideration. Defendant Young then forcefully took back the $10 which by that time belonged to the woman. Such action constituted the crime of larceny from a person. "Public policy requires that courts should lend active aid in punishing persons who obtain money or property from others by criminal means, and it is no defense that the complaining witness was himself engaged in an illegal transaction." 1 Gillespie, Michigan Criminal Law and Procedure (2d Ed), § 29, p 49.

On appeal defendant Newsom's only argument is that the trial court did not properly examine him as to whether his plea was freely and voluntarily offered. GCR 1963, 785.3(2), MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058).

Defendant Newsom admits that no set form of examination is required. *People* v. *Bumpus* (1959), 355 Mich 374, 379. However, heavy reliance was placed on the suggested form in *People* v. *Taylor* (1968), 9 Mich App 333. Since the briefs were filed in the present case, the *Taylor* case has been reversed. *People* v. *Taylor* (1970), 383 Mich 338.

The record shows that the defendants were represented by separate counsel and that the trial judge advised the defendants that they were charged with

robbery armed which carried a penalty of life imprisonment but that they could plead guilty to an included offense of larceny from a person which carried a maximum period of imprisonment of ten years. The trial judge also told the defendants that they must tell him accurately and truthfully what happened and if their testimony didn't state facts constituting a basis for the pleas he would not accept them.

The defendants were then asked if they understood and both answered affirmatively. Newsom was specifically asked if he wished to plead not guilty or guilty to the offense of larceny from a person. He replied, "Guilty." The court again asked him if he knew that he could be sentenced up to ten years and Newsom answered, "Yes."

In turn both defendants then stated facts which showed a substantial basis for accepting the pleas. Later defendant Newsom was sentenced to a term of 5-1/2 years to 10 years in prison and defendant Young was sentenced to a term of 5 to 10 years in prison.

Defendant Newsom does not allege that he is innocent or that his plea was not freely and voluntarily entered. His sole point is the failure of the court to interrogate him on the question of voluntariness.

The court rule is mandatory but failure to comply with it is not considered jurisdictional, GCR 1963, 785.3(4). As was said in *People* v. *Winegar* (1968), 380 Mich 719, 729, 733:

"First of all, a conviction based upon a plea of guilty is a judgment of the trial court. If the court has jurisdiction to enter the conviction, it is presumptively valid.

\*          \*          \*

"A convicted defendant no longer enjoys the presumption of innocence. (citations omitted) He has

the burden of showing something more than technical noncompliance with a rule. Absent a showing of violation or denial of constitutional rights, he has the obligation of alleging in a motion to withdraw plea such facts as would, if true, substantiate a finding that there was noncompliance which resulted in a miscarriage of justice."

We find no miscarriage of justice.

Affirmed as to both defendants.

All concurred.