PEOPLE *v.* ELSTON. Appeal from Recorder's Court of Detroit, Henry L. Heading, J. Submitted Division 1 July 27, 1971, at Grand Rapids. (Docket No. 11737.) Decided August 26, 1971.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Kenneth A. Webb,* for defendant on appeal.

Before: HOLBROOK, P. J., and FITZGERALD and T. M. BURNS, JJ.

PER CURIAM. Accused of the shotgun slaying of two people the defendant was charged with second-degree murder contrary to MCLA § 750.317 (Stat Ann 1954 Rev § 28.549). Over objection of the prosecutor, he was allowed to plead guilty to the charge of manslaughter contrary to MCLA § 750.321 (Stat Ann 1954 Rev § 28.553), and was sentenced to serve 14 to 15 years imprisonment. This appeal followed with the people moving to affirm.

Defendant first alleges that the trial court committed reversible error because he failed, by direct questioning, to elicit sufficient facts to support the crime and defendant's participation therein. Specifically, it is alleged that there were insufficient facts to support all elements of the crime charged. We disagree. It is not required that before the court may accept a plea of guilty every element of the offense be directly established but rather, it is required that the court obtain a reasonable ascertainment of the truth of the plea. *People* v. *Bartlett* (1969), 17 Mich App 205; *People* v. *Beverly Haywood* (1970), 27 Mich App 365. In the case at bar the crime and defendant's participation therein was clearly established by defendant's responses at the plea taking, a preliminary examination, and a lengthy trial transcript from defendant's previous trial on this charge which had been reversed and remanded by the Michigan Supreme Court for failure to comply with *People* v. *Cole* (1969), 382 Mich 695. See 383 Mich 759.

In addition, defendant contends that the trial court committed reversible error in failing to specifically ask him whether he had been promised leniency. However, defendant does not allege that he was in fact promised leniency but only that the trial court failed

to interrogate him on this point. Such technical noncompliance with the court rule is not grounds for reversal. *People* v. *Winegar* (1968), 380 Mich 719; *People* v. *Newsom* (1970), 25 Mich App 371, 375. We have reviewed the record and find that defendant's plea was freely, understandingly, truthfully, knowingly, and voluntarily made.

The motion to affirm is granted.