**STATE of Iowa, Appellee,**

v.

**Larry Eugene HACKETT, Appellant.**

**No. 55334.**

Supreme Court of Iowa.

Oct. 18, 1972.

John F. Bierman, III, Grinnell, for appellant.

Richard C. Turner, Atty. Gen., Allen J. Lukehart, Asst. Atty. Gen., and Richard J. Vogel, County Atty., for appellee.

Submitted to MOORE, C. J., and MASON, RAWLINGS, LeGRAND and REES, JJ.

MOORE, Chief Justice.

Defendant appeals following plea of guilty and sentence for receiving stolen property, worth over $20, in violation of Code section 712.1. His only assigned error is: "Defendant's guilty plea was improperly accepted because, on the record made, the trial court did not sufficiently ascertain defendant understood the nature of the charge against him."

In State v. Sisco, Iowa, 169 N.W.2d 542, we cite and discuss in depth the Federal and State cases together with the American Bar Association Standards of Criminal Justice regarding the duty and responsibility of a trial judge before accepting a plea of guilty. Guidelines are therein established. Repetition here is unnecessary.

In Sisco at page 549, 169 N.W.2d, we say:

"We are persuaded and now hold, when a guilty plea is entered by defendant, the court must address the accused personally and by that procedure heretofore prescribed determine whether he understands the charge made, is aware of the penal consequences of the plea, and that it is entered voluntarily. Nothing less will suffice."

Our more recent cases which recognize the rule and standard guidelines set out in Sisco include State v. Zacek, Iowa, 190 N.W. 2d 415; State v. Weckman, Iowa, 180 N. W.2d 434; State v. Lindsey, Iowa, 171 N. W.2d 859.

The record clearly establishes the trial court personally made a penetrating and comprehensive interrogation of defendant regarding his tendered plea of guilty. The standard guidelines were carefully followed. Defendant argues however the trial court should have interrogated regarding each essential element of the crime charged. We do not agree.

When first arrested a preliminary information was filed against defendant charging him with receiving stolen property, worth more than $20, in violation of Code section 712.1. On preliminary hearing he was bound over to the district court.

On October 19, 1971 a county attorney's information was filed charging defendant with the crime of receiving stolen property in that "Larry Eugene Hackett on or about the 26th day of September, 1971 in the

County of Poweshiek and State of Iowa, did receive a box of tools belonging to William Carter worth over $20, and knowing that the same had been stolen against the peace and dignity of the State of Iowa and contrary to the statutes in such case made and provided and particularly in violation of Section 712.1 of The Code of Iowa." Attached thereto was the minutes of testimony.

On October 21, 1971 the sheriff delivered a copy of the county attorney's information to defendant.

On October 26, 1971 defendant with his court appointed attorney appeared before the trial judge. The record made on that date includes:

"THE COURT: Have you had a chance to visit with Mr. Enich? THE DEFENDANT: Yes.

"THE COURT: Would you like some additional time to visit with him at this time? THE DEFENDANT: No.

"THE COURT: What record do you desire to make? MR. ENICH: For the record I have represented the defendant in a preliminary hearing here at Grinnell, Iowa, so I have had two or three other occasions to visit with the defendant. On behalf of the defendant I wish to state that defendant has received a copy of the County Attorney's Information, that it shows Larry Eugene Hackett to be his true and correct name, that at this time the defendant waives the reading of the County Attorney's Information, he waives further time and wishes at this time to enter his plea of guilty.

"THE COURT: Mr. Hackett, you will stand, please. Mr. Hackett, your attorney has stated that you now desire to plead guilty to the criminal charge pending against you in this case. Before proceeding further I wish to advise you that you are presently before the Court charged with the crime of receiving stolen property in violation of the provi-

sions of Section 712.1 of the 1971 Code of Iowa and that the penalty for such offense is imprisonment in the penitentiary not more than five years or by a fine not exceeding $500.00 and imprisonment in the county jail not more than one year. Do you understand the nature of the charge against you? THE DEFENDANT: Yes.

"THE COURT: Do you have any questions to ask in relation thereto? THE DEFENDANT: No.

"THE COURT: Do you understand the nature and extent of the penalty which I have just related to you? The DEFENDANT: Yes.

"* * *.

"THE COURT: Knowing these matters I ask you if you are now ready to personally plead to the charge now pending against you? THE DEFENDANT: I am.

"THE COURT: And what is that plea? THE DEFENDANT: Guilty.

"THE COURT: While you have counseled with your attorney and he may have made certain recommendations to you is it in the last analysis your own voluntary decision to enter a plea of guilty to the charge involved in this case? THE DEFENDANT: Yes.

"THE COURT: Have any promises of leniency or threats of violence been used to persuade you to enter a plea of guilty? THE DEFENDANT: No, sir.

"THE COURT: Do you understand that by your plea of guilty you are admitting that on or about the 26th day of September, 1971, in Poweshiek County, Iowa, you did receive a box of tools belonging to one William Carter and of a value of over $20.00? THE DEFENDANT: Yes, sir. That was the 6th instead of the 26th.

"THE COURT: Instead of the 26th it should be the 6th day of September? * * *."

As required by the holdings in our cases cited above the trial court by interrogation of defendant determined he understood the charge to which he was entering a plea of guilty. We conclude discussion of each essential element of the crime charged was not necessary for the court to make that determination. For support of this conclusion see People v. Elston, 35 Mich.App. 606, 193 N.W.2d 67; State v. Williker, 107 Ariz. 611, 491 P.2d 465; State v. Hunt, 16 Ariz.App. 397, 493 P.2d 943 and citations.

The judgment of the trial court is affirmed.