**STATE of Iowa, Appellee,**

v.

**James Henry YORK, Appellant.**

**No. 54787.**

Supreme Court of Iowa.

Sept. 19, 1973.

Stanford L. Trumbower, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., C. Joseph Coleman, Jr., Asst. Atty. Gen., Robert Gottschald, Co. Atty., and Stephen A. Hall, former Co. Atty., for the State.

Submitted to MOORE, C. J., and RAWLINGS, LeGRAND, REES and UHLENHOPP, JJ.

PER CURIAM:

Defendant appeals from judgment imposing sentence following a guilty plea conviction for attempting to break and enter, in violation of Code section 708.10.

On October 2, 1970 defendant with his attorney, James Vincent, appeared before the trial court, entered a plea of guilty to attempting to break and enter, waived time for sentencing and was sentenced to a term not to exceed five years in the men's penitentiary at Fort Madison. As per defendant's request the court ordered his sentence run concurrently with his sentence from Polk County.

Defendant argues on this appeal the trial court's personal interrogation failed to disclose he understood the charge, his right to confront his accusers and the penal consequences of his plea. He further contends the court failed to determine a factual basis for his plea and that it was voluntary. His attack is based on what the record does not show rather than any actual prejudice. In other words he seeks reversal on the ground the trial court failed to comply with the guidelines set out in State v. Sisco, Iowa, 169 N.W.2d 542. We do not agree.

Stated briefly we held in Sisco that when a plea of guilty is entered the trial court must address the accused personally and by interrogation determine whether he understands the charge made, is aware of the penal consequences of the plea and that it is entered voluntarily. State v. Thomas, Iowa, 205 N.W.2d 717, 719; State v. Hackett, Iowa, 201 N.W.2d 487, 488; State v. Christensen, Iowa, 201 N.W.2d 457, 458.

The guidelines established by Sisco do not require a ritualistic or rigid formula for the court's interrogation. Meaningful compliance is the requirement. State v. Bledsoe, Iowa, 200 N.W.2d 529, 531; State v. Sisco, supra, Iowa, 169 N.W.2d 542, 548.

The trial court's interrogation might well have been in more detail but the record is sufficient to establish a meaningful compliance with the Sisco guidelines. It seems clear defendant knew the nature of the charge to which he entered his plea. The name thereof is descriptive of the offense. The court examined defendant at length regarding his awareness of the right to a jury trial, defense by his attorney and that by pleading guilty he was waiving the right to a jury trial. The court specifically told defendant the maximum penalty. Included in the court's inquiry defendant was asked: "Have any threats been made to you or any promises by any person whomsoever to induce you to enter a plea of guilty to this included offense of attempting to break and enter?" To which defendant answered, "No."

We hold the record before us demonstrates defendant's guilty plea was knowingly and voluntarily entered.

Affirmed.