STATE of Iowa, Appellee,

v.

Phillip BEDELL, Appellant.

No. 56621.

Supreme Court of Iowa.

Aug. 28, 1974.

John C. Platt, of Cedar Rapids, for appellant.

Richard C. Turner, Atty. Gen., Stephen T. Moore, Asst. Atty. Gen., and Daryl Roberts, Co. Atty., for appellee.

HARRIS, Justice.

Defendant entered a plea of guilty to the crime of larceny in the nighttime in violation of § 709.4, The Code, and thereafter brought this appeal claiming the trial court erred in accepting it. He contends the requirements of State v. Sisco, 169 N.W.2d 542 (Iowa 1969) were not met. We affirm but remand for resentencing.

■ I. There are four Sisco requirements. Before accepting the plea the trial court must determine (1) whether the defendant understands the charge, (2) whether defendant is aware of the penal consequences of the plea, and (3) whether the plea is entered into voluntarily. Before pronouncing judgment the trial court must determine (4) whether there is a factual basis for the plea. Ryan v. Iowa State Penitentiary, Ft. Madison, 218 N.W. 2d 616 (Iowa 1974). Defendant's assignments go to the first and third of these requirements. He also complains the trial court failed to advise him of the elements of the crime.

The record discloses the trial court questioned defendant carefully and exhaustively. It was clearly shown defendant understood the nature of the charge and it appeared the plea was entered voluntarily. Defendant's complaint is wholly without support.

■ The trial court did not specifically list each element of the offense to the accused. On the other hand we believe the record as a whole discloses defendant fully understood the charge and was aware of the elements. Under the circumstances it was not error for the trial court to fail to make a record of each element at the time the plea of guilty was received. State v. Hackett, 201 N.W.2d 487, 490 (Iowa 1972); State v. York, 210 N.W.2d 608, 609 (Iowa 1973); Michels v. Brewer, 211 N. W.2d 293, 296 (Iowa 1973).

■ II. Under the mandate given in § 793.18, The Code, we have examined the record to determine whether a substantial right of defendant has been invaded. This duty is incumbent upon us even where, as here, defendant does not raise a particular point. State v. Sonderleiter, 251 Iowa 106, 109, 99 N.W.2d 393, 395.

■■ Upon examination of the record we find, although the trial court made a most substantial record to support the judgment imposed, the county attorney's information does not support it. Section 709.4, The Code, provides alternative punishment for two crimes, one a felony and one an indictable misdemeanor. At the proceeding below defendant freely conceded facts which would support a conviction of the felony. The county attorney's information however charges only an indictable misdemeanor. A separate county attorney's information (which apparently charged a felony) was dismissed. Accordingly the judgment pronounced was in excess of that provided by law. Such a judgment is valid only to the extent provided by law. Streit v. Lainson, 250 Iowa

336, 341, 93 N.W.2d 767, 770. Jurisdiction of the trial court is not exhausted until a valid judgment is entered. State v. Wiese, 201 N.W.2d 734, 737 (Iowa. 1972). The case is remanded with instructions to the trial court to pronounce sentence as provided by § 709.4.

Affirmed but remanded for resentencing.