STATE of Iowa, Appellee,

v.

Steven Leon TOBIN, Appellant.

No. 67758.

Supreme Court of Iowa.

May 18, 1983.

Rehearing Denied June 9, 1983.

Francis C. Hoyt, Appellate Defender, and Patrick R. Grady, Asst. Appellate Defender, Des Moines, for appellant.

Thomas J. Miller, Atty. Gen., John P. Messina, Asst. Atty. Gen., and Eugene J. Kopecky, Linn County Atty., for appellee.

Considered by HARRIS, P.J., and McCORMICK, SCHULTZ, CARTER and WOLLE, JJ.

McCORMICK, Justice.

We granted further review of a court of appeals decision to determine whether the failure of trial court counsel for defendant Steven Leon Tobin to preserve error on a constitutional issue invalidates defendant's guilty plea. We find that defendant's guilty plea is not invalid and that we may decide the constitutional issue. Because the constitutional challenge is without merit we vacate the decision of the court of appeals and affirm the trial court.

Defendant was charged with violating Iowa Code section 714.2(2) (1981), which provides:

The theft of any property not exceeding five hundred dollars in value by one who has before been twice convicted of theft, or the theft by any other person of property exceeding five hundred dollars but not exceeding five thousand dollars in value or theft of a motor vehicle as defined in chapter 321, irrespective of value, is theft in the second degree. Theft in the second degree is a class "D" felony.

The State accused defendant of theft under the recidivist alternative in this provision. This case is not affected by the amendment to section 714.2(2) in the 1981 General Assembly. See 1981 Iowa Acts ch. 204, § 9.

The parties entered a plea bargain just as the case was scheduled to go to trial. Defendant agreed to plead guilty to the charge, reserving the right, however, "to challenge whether or not the State could use and the court could rely on any of [the] prior convictions as a basis for imposition of the greater sentence and punishment provided for in 714.2 . . . ." Defense counsel stated an intention to raise the issue on appeal. The prosecutor agreed to ask dismissal of two separate charges and make no sentencing recommendation. He said the State had "no objection" to defendant's reservation of the right to challenge the applicability of the statute on appeal. The court acquiesced in the procedure.

Pursuant to the plea bargain defendant entered a guilty plea to the charge of second degree theft, admitting the requisite alleged prior convictions. No dispute exists that the plea was taken in compliance with Iowa R.Crim.P. 8(2)(b) and the plea bargain was fully disclosed to the court.

At the time of sentencing, defense counsel repeated his intention to appeal the case "immediately to the Iowa Supreme Court in regards to some of the issues that we have discussed about the applicability of the particular punishment provision dealing with habitual thief. . . ." The prosecutor expressed his intention to dismiss the separate charges after sentencing. He said the State had no sentencing recommendation. Defendant was sentenced and, as promised, his attorney took an appeal in his behalf.

The appellate defender's office was appointed to represent defendant on appeal. Appellate counsel sought reversal on two grounds. One was that the recidivist provision of section 714.2(2) violated defendant's due process protection under U.S. Const. amend. XIV against double jeopardy. Seeking to avoid the otherwise preclusive effect of trial counsel's failure to present the issue in the trial court, the appellate defender alleged that defense counsel's failure to raise the issue by motion to dismiss or motion in arrest of judgment constituted a denial of defendant's due process right to effective representation of counsel. The second ground of the appeal was an alternative claim that trial counsel's failure to preserve the challenge made the guilty plea involuntary.

The State agreed that trial counsel's failure to make the double jeopardy challenge in the trial court denied defendant's right to effective representation. It argued, however, that the remedy was to look past the failure to preserve error and decide the constitutional challenge. The State contended the challenge was without merit.

The court of appeals held that defendant was denied effective representation of counsel. It found that defendant's trial court counsel had promised to raise the double jeopardy issue by motion in arrest of judgment, that he did not keep his promise, that this promise induced the plea, and therefore that defendant was denied effective representation, requiring the conviction to be reversed. The court reversed and remanded with instructions that defendant be permitted to withdraw his plea.

We do not believe defendant's trial counsel failed to keep a promise. Rather, we find the record shows defendant's attorney and the appellate defender kept trial counsel's promise to raise the constitutional challenge on appeal. This was the only promise made. Defense counsel's dereliction was not in failing to keep a promise but in failing to present the challenge to the trial court for ruling before raising the issue on appeal.

■ The general rule is that issues, including constitutional issues, which are not raised in the trial court cannot be raised on appeal. *State v. Taylor*, 310 N.W.2d 174, 178 (Iowa 1981). The orderly, fair and efficient administration of the adversary system requires that litigants not be permitted to present one case at trial and a different one on appeal. One reason is that the trial court's ruling on an issue may either dispose of the case or affect its future course. In addition, the requirement of error preservation gives opposing counsel notice and an opportunity to be heard on the issue and a chance to take proper corrective measures or pursue alternatives in the event of an adverse ruling. *See State v. Buckner*, 214 N.W.2d 164, 167–68 (Iowa 1974).

■ In this case, however, the trial court and prosecutor agreed to the procedure employed by defense counsel. Although that agreement does not bind this court, it provides the background for the State's concession that defense counsel's failure to present the issue in the trial court constituted ineffective assistance of counsel. In *State v. Schoelerman*, 315 N.W.2d 67, 71–72 (Iowa 1982), we recognized that review of an appellate issue is not precluded when failure to preserve error results from a due process denial of effective representation.

This is our point of departure from the holding of the court of appeals. Defendant bargained for an opportunity to make an appellate challenge to his conviction on double jeopardy grounds. The only obstacle to his receiving that opportunity is his trial counsel's failure to present the issue for ruling in the trial court. The holding on the ineffective assistance of counsel issue removes that obstacle. Therefore defendant will receive what he bargained for, and no basis exists for invalidating the guilty plea on this account.

■ Before addressing the merits of defendant's double jeopardy claim, we make two additional observations concerning the trial court proceedings. First, the double jeopardy claim should have been urged as a defense to the charge rather than as a condition to a guilty plea. No provision is

made in rule 8 for conditional pleas of guilty. Moreover, under section 816.4 of the Iowa Code (1981), a procedure exists for determination of the double jeopardy issue when it is the only defense. The statute contemplates that the defense will be raised by pretrial motion. *See* Iowa R.Crim.P. 10(2); *State v. Birkestrand,* 239 N.W.2d 353, 363–64 (Iowa 1976). We will assume, however, that the State waived any procedural irregularity in the present case. Our second observation is that a plea of guilty does not in itself constitute a waiver of a double jeopardy claim. *See Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). Thus, although the procedure used in this case is not authorized by statute or rule, and we do not approve it, it does not prevent us from deciding the merits of defendant's claim.

The gist of defendant's double jeopardy claim is that his prior convictions of theft "are necessarily included in the statutory elements of the relevant section of theft in the second degree." He asserts the two prior convictions are elements of the theft charge and the charge is thus a reprosecution of them.

The fallacy in defendant's claim is his characterization of the prior convictions as elements of the theft offense. Section 714.2(2) makes a class "D" felony of "the theft of any property not exceeding five hundred dollars in value by one who has before been twice convicted of theft...." The prior convictions are a predicate for enhanced punishment rather than elements of the current theft charge. This is readily demonstrated by the fact that the theft of any property not exceeding five hundred dollars in value without the prior conviction predicate is subject to lesser punishments, depending on the value of the property, under separate provisions of the statute. *See* §§ 714.2(3), (4), and (5). It is well established that the use of prior convictions to enhance punishment does not violate the constitutional stricture against double jeopardy. *See Spencer v. Texas,* 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967); *State v. Popes,* 290 N.W.2d 926 (Iowa 1980); *State v. Kramer,* 235 N.W.2d 114 (Iowa 1975).

Defendant's double jeopardy claim is without merit.

DECISION OF THE COURT OF APPEALS VACATED; DISTRICT COURT AFFIRMED.