**STATE of Iowa, Appellee,**

v.

**Jack Lee CARMER, Appellant.**

No. 89–1512.

Court of Appeals of Iowa.

Nov. 29, 1990.

Linda Del Gallo, Acting State Appellate Defender, and Shari Barron, Asst. State Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., and Robert P. Ewald, Asst. Atty. Gen., for appellee.

Considered by SCHLEGEL, P.J., and HAYDEN and HABHAB, JJ.

HABHAB, Judge.

Jack Carmer was stopped for a traffic violation. The police officer's computer check revealed that Carmer's driver's license had been revoked for four years following an habitual offender adjudication pursuant to Iowa Code sections 321.555–321.560.

Carmer was charged with the crime of driving while his license was barred, a violation of Iowa Code sections 321.560 and 321.561. A jury found Carmer guilty of that offense, and he has appealed from the resulting conviction.

Mr. Carmer contends the marshaling instruction was defective because it did not require the State to prove Carmer knew his license was barred and he further contends the State failed to prove beyond a reasonable doubt that he knew his license was barred. We find no merit in either of the arguments of the defendant and accordingly affirm the trial court.

I.

We turn first to the defendant's contention that the trial court erred in submitting Instruction 12 on the ground that it did not contain as an element that defendant knew his driver's license was barred. In this respect, the trial court submitted the following marshaling instruction to the jury:

The State must prove both of the following elements of Driving While Barred:

1. That on or about the 4th day of July, 1989, Defendant did drive a motor vehicle on the public roadways of Marshall County, Iowa.

2. That on said date, Defendant's privilege to operate a motor vehicle in this state was barred as an habitual offender pursuant to §§ 321.555 and 321.560 of the Code of Iowa.

If the State has proved both of the elements, the Defendant is guilty. If the State has failed to prove either of the elements, the Defendant is not guilty.

Before considering the knowledge issue, we must decide whether we can consider it at all for it was not raised in the trial court. The question of knowledge or notice should have been raised in the district court. The general rule is that issues, including constitutional issues, which are not raised in the trial court cannot be raised on appeal. *State v. Tobin*, 333 N.W.2d 842 (Iowa 1983). As the supreme court in *Tobin* stated:

The orderly, fair and efficient administration of the adversary system requires that litigants not be permitted to present one case at trial and a different one on appeal. One reason is that the trial court's ruling on an issue may either dispose of the case or affect its future course. In addition, the requirement of error preservation gives opposing coun-

sel notice and an opportunity to be heard on the issue and a chance to take proper corrective measures or pursue alternatives in the event of an adverse ruling.

However, our supreme court in *State v. Schoelerman*, 315 N.W.2d 67, 71–72 (Iowa 1982), recognized that review of an appellate issue is not precluded when failure to preserve error results from a due process denial of effective representation. There is not much question that if there is merit in the defendant's contention, the defendant is prejudiced. Thus we will address the issue.

We start with Iowa Code section 321.561, which provides:

> It shall be unlawful for any person convicted as an habitual offender to operate any motor vehicle in this state during the period of time specified in section 321.-560. This conviction shall constitute an aggravated misdemeanor.

Iowa Code § 321.561.

Defendant claims that it is clear from a reading of the statute that the legislature intended to include knowledge by the defendant of his license status as an element of this crime. We disagree for noticeably absent from the statute is any reference to knowledge.

We have not been referred to any Iowa appellate decision which specifically sets forth the elements of driving while barred nor have we been able to find any. However, we do have the benefit of *State v. Thompson*, 357 N.W.2d 591 (Iowa 1984), which held that the elements of driving while license was under revocation under former Iowa Code section 321B.38 (recodified in 1986 as section 321J.21) are (1) defendant's license has been revoked, and (2) defendant operated a motor vehicle while his license was thus revoked. There is no requirement in *Thompson* that the State prove, as an element of the offense, that defendant had knowledge of the revocation. We decline to read into the statute before us that knowledge is an element of the offense of driving while barred.

Even more specifically, our supreme court has held that criminal intent or knowledge is not an element of driving while suspended. *State v. Sonderleiter*, 251 Iowa 106, 99 N.W.2d 393 (1959). Driving while a license is revoked or registration suspended is not malum in se and it does not involve moral turpitude. *Id.*, 99 N.W.2d at 395.

Although a different section of the Code is involved, the supreme court in *Sonderleiter* stated:

> From an examination of section 321A.32 making it a misdemeanor to drive on the highway while under suspension, revocation or denial of license, registration or nonresidence operating privileges, we find nothing that indicates the legislature intended to require criminal intent or knowledge of the revocation, suspension or denial. Certainly, the legislative intent is clear, when as here, criminal intent is left out of the statute of the general class that do not ordinarily require criminal intent.

*Sonderleiter*, 251 Iowa at 108, 99 N.W.2d at 395.

We find the trial court did not err in submitting Instruction 12 to the jury. It follows that trial counsel was not ineffective in not objecting to the instruction.

## II.

Little needs to be said as to the defendant's contention that the State failed to prove beyond a reasonable doubt that he knew his license was barred. We have held in the previous division that knowledge is not an element of an offense under section 321.561.

Defendant next urges that before the conviction can stand the State must prove sufficient evidence so that a rational trier of fact can find, beyond a reasonable doubt, that a defendant committed each and every element of the offense. In this respect, our standard of review is well settled. We consider all the evidence at trial, not just the evidence that supports the verdict. *State v. Robinson*, 288 N.W.2d 337, 340 (Iowa 1980). A verdict will be upheld where there is substantial evidence to support the charge. *State v. LeGear*, 346 N.W.2d 21, 23 (Iowa 1984). Substan-

tial evidence means such evidence as could convince a rational trier of fact the defendant is guilty of the crime charged beyond a reasonable doubt. *Id.* The evidence is viewed in the light most favorable to the verdict, including legitimate inferences and presumptions which may fairly and reasonably be deduced from the record. *State v. Bass,* 349 N.W.2d 498, 500 (Iowa 1984).

From our review of the record, we find substantial evidence that could convince a rational trier of fact that the defendant is guilty of the crime charged beyond a reasonable doubt. Accordingly, we affirm the trial court.

AFFIRMED.