# IN THE COURT OF APPEALS OF IOWA

No. 14-1354
Filed October 14, 2015

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**TERRY JOE ROWE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Polk County, Odell G. McGhee, District Associate Judge.


        Terry Rowe appeals his conviction of operating while intoxicated, third or subsequent offense.  **AFFIRMED.**



        Andrea K. Buffington of Ranes Law Firm, West Des Moines, for appellant.

        Thomas J. Miller, Attorney General, Martha E. Trout, Assistant Attorney General, John P. Sarcone, County Attorney, and Maurice Curry, Assistant County Attorney, for appellee.


        Considered by Danilson, C.J., Tabor, J., and Mahan, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**MAHAN, Senior Judge.**

Terry Rowe appeals his conviction of operating while intoxicated (OWI), third or subsequent offense, as an habitual offender. Rowe was arrested in December 2013 after he was discovered sleeping in his running vehicle while stopped at a red light and was convicted following a June 2014 jury trial. Rowe contends he did not voluntarily stipulate to prior convictions, the court erred in its handling of a juror, and insufficient evidence supports his conviction.

We need not address Rowe's contention the trial court erred in accepting his stipulations to his prior OWI and felony convictions based on the court's failure to ensure they were knowingly and voluntarily made. Rowe failed to move to withdraw his affirmation of prior convictions. Because the issue was not raised before the trial court, it cannot be raised for the first time on appeal. *See State v. Tobin,* 333 N.W.2d 842, 844 (Iowa 1983) ("The general rule is that issues, including constitutional issues, which are not raised in the trial court cannot be raised on appeal."); *cf. State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006) (noting a defendant's failure to move in arrest of judgment bars a direct appeal challenging the knowing and voluntary nature of a guilty plea).

Likewise, Rowe has failed to preserve error on his challenge to the court's handling of a juror who was unable to recall evidence from the first day of trial. Rowe argues the court failed to properly instruct him regarding his rights in the situation—specifically, his right to ask for the juror to be dismissed from the jury panel or move for a mistrial. However, Rowe's trial counsel told the court, "We're not going to ask for a mistrial. We are not going to ask to have [the juror] excused." Trial counsel then indicated, "We are fine proceeding with [the juror]."

No objection was made regarding the trial court's handling of the matter, and therefore, no objection can be raised on this basis now.

Finally, Rowe contends there is insufficient evidence to support his OWI conviction. In order to find Rowe guilty of OWI, the jury was instructed the State had to prove Rowe was "under the influence of a drug or had any amount of controlled substance present in his blood or urine." We review the question of whether substantial evidence supports Rowe's conviction for correction of errors at law and view the record evidence in the light most favorable to the State, including all reasonable inferences that may be fairly drawn. *See State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

Substantial evidence establishes Rowe was under the influence of a drug when he was found sleeping in the driver's seat of his running vehicle at a red light. Rowe was unresponsive to verbal attempts to wake him, and after nudging Rowe awake, Officer Greg Trimble noticed his eyes were bloodshot and watery, his speech was slurred, and his balance was poor. Officer Michael Dixson, who is assigned to a unit tasked specifically with OWI enforcement and is a certified Drug Recognition Expert (DRE) and a certified DRE instructor, also observed that Rowe's eyes were bloodshot and watery, his speech was mumbled and slurred, and his balance was unsteady. When field sobriety tests were administered, Rowe did not show clues of intoxication on either the horizontal gaze nystagmus or vertical gaze nystagmus tests but showed six of eight clues on the walk and turn test and three out of four clues on the one-legged stand test. After a breath test registered no alcohol in Rowe's body, Officer Dixson performed a DRE exam and concluded Rowe was experiencing the "downside"

of being under the influence of a stimulant drug. Rowe admitted he had three "hits" of methamphetamine the night before, a urine sample obtained from Rowe tested positive for amphetamines, and the second test to confirm the results showed the presence of both amphetamine and methamphetamine in Rowe's urine. Under these facts, we conclude there is sufficient evidence to support Rowe's conviction for OWI, and accordingly, we affirm.

**AFFIRMED.**