# IN THE COURT OF APPEALS OF IOWA

No. 16-0836
Filed March 21, 2018

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**DAVID JOSEPH JOHNSON,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Odell G. McGhee, District Associate Judge.

A defendant challenges his conviction for driving while barred.  **AFFIRMED.**

Thomas A. Hurd of Glazebrook & Hurd, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., McDonald, J., and Carr, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**TABOR, Presiding Judge**

David Johnson appeals his conviction for driving while barred under Iowa Code section 321.561 (2016) contending his attorney was constitutionally remiss by not ensuring a factual basis for his guilty plea. Specifically, he claims the record did not "support the habitual offender status element" and did not indicate whether the State honored his right to counsel for the offenses underlying the habitual-offender adjudication by the Iowa Department of Transportation (DOT). *See* Iowa Code §§ 321.555, .556. Because the validity of the administrative decision to bar Johnson's license was not an element of his criminal offense, counsel did not breach a duty. Accordingly, we affirm his conviction.

## I.     Facts and Prior Proceedings

On January 15, 2016 Johnson was involved in a traffic accident. He told police he left the scene because his license was barred. The next month the State charged Johnson with driving while barred in violation of Iowa Code sections 321.555 and 321.561. The State extended a plea offer, noting Johnson's three prior convictions for driving while barred and five convictions for driving with a suspended license. In March 2016, Johnson entered a written guilty plea. The plea form stated as follows:

"In order to establish a factual basis I ask the court to accept as true the minutes of testimony, the date of offense is [handwritten] 1-15-2016 [end handwriting] and I admit I did the following: [handwritten] I was driving barred and I should not have been [end handwriting.]"

Johnson and his attorney both signed the form. According to the sentencing order dated May 12, 2016, Johnson appeared for sentencing "having previously pled guilty" to "driving while barred as habitual offender." The district court sentenced Johnson to a one-year prison term and suspended all but thirty days. The court also placed Johnson on supervised probation for one year. Johnson now appeals his conviction.

## II.  Scope and Standards of Review

Generally, the defense must challenge a defect in the guilty-plea proceeding by filing a motion in arrest of judgment. *See* Iowa R. Crim. P. 2.24(3)(a). When counsel fails to file such a motion, a defendant may attack the plea on appeal by claiming counsel was ineffective. *State v. Perkins*, 875 N.W.2d 190, 192 (Iowa Ct. App. 2015). Because ineffective-assistance-of-counsel claims are rooted in the Sixth Amendment, we review them de novo. *State v. Thorndike*, 860 N.W.2d 316, 319 (Iowa 2015). We will resolve ineffective-assistance claims on direct appeal only when the record is sufficient to do so; if the record is lacking, we will preserve the claim for postconviction proceedings. *See id.* To prevail, Johnson must show by a preponderance of the evidence that (1) counsel failed to perform an essential duty and (2) prejudice resulted. *See id.* at 320. If Johnson is unable to prove either element, then he cannot prevail. *See id.*

## III.  Analysis of Ineffective-Assistance-of-Counsel Claim

### A.  Habitual-Offender Adjudication

In assessing a factual-basis claim, we look to the guilty-plea record as a whole. *State v. Ortiz*, 789 N.W.2d 761, 767–68 (Iowa 2010). The record need not show the totality of evidence necessary to prove Johnson guilty of the crime

charged. *See id.* We require only that the filings demonstrate facts to support the offense to which he is pleading guilty. *See id.*

Johnson maintains the guilty-plea record did not show a factual basis for the predicate crimes which landed him in the category of habitual offender under Iowa Code section 321.555. Section 321.561 provides, "It shall be unlawful for any person found to be a habitual offender to operate any motor vehicle in this state during the period of time specified in section 321.560 . . . ." Section 321.555(1)(c) defines an "habitual offender" as a person who has accumulated three or more separate and distinct convictions for "[d]riving a motor vehicle while the person's license is suspended, denied, revoked, or barred." But the reason the DOT issued a bar to Johnson's license under the habitual-offender provisions[1] is not an element of driving while barred.

Our case law suggests the crime of driving while barred has only two elements: (1) defendant's license has been barred and (2) defendant operated a motor vehicle while his license was barred. *See State v. Carmer*, 465 N.W.2d 303, 304 (Iowa Ct. App. 1990) (comparing elements of driving while barred to elements of driving while revoked); *see also State v. Harmon*, No. 17-0353, 2018 WL 739314, at *1 (Iowa Ct. App. Feb. 7, 2018) (discussing *State v. Williams*, No. 16-0894, 2017 WL 3524729, at *3 (Iowa Ct. App. Aug. 16, 2017),[2] where the majority and dissent agreed the crime had only two elements but disagreed whether the

---

[1] Proceedings to determine whether a person qualifies as an habitual offender are civil actions. *Iowa Dep't of Transp. v. Iowa Dist. Court for Poweshiek Cty.*, 530 N.W.2d 725, 727 (Iowa 1995).
[2] *Williams* is currently pending on further review to our supreme court.

first element required the State to prove the DOT properly mailed notice of the barment to the defendant).

Here, the minutes of evidence allege a DOT official would testify that Johnson's driving privileges were barred on January 15, 2016, the day of the accident, and that receipt of service of notice was on file at the DOT. The minutes also reflect an officer would testify Johnson was driving a motor vehicle on the day in question. Further, Johnson admitted in his written guilty plea that he "was driving barred" and "should not have been." This evidence provides a sufficient factual basis for the guilty plea, and defense counsel did not breach an essential duty by failing to file a motion in arrest of judgment. *See State v. Ross*, 845 N.W.2d 692, 701 (Iowa 2014) (reaffirming counsel has no duty to file meritless motion).

**B.     Representation During Prior Convictions**

Johnson also asserts defense counsel was ineffective in failing to challenge the factual basis for the guilty plea on the ground the record does not establish Johnson was represented or properly waived counsel in connection with the underlying convictions giving rise to his habitual-offender status. Johnson argues counsel should have filed a motion in arrest of judgment because "no showing was made that he was not entitled to, was provided, or waived counsel for the underlying offenses leading to the finding he was a habitual offender." Johnson compares his situation to *State v. Young*, 863 N.W.2d 249, 281 (Iowa 2015) (holding a defendant's prior uncounseled misdemeanor conviction could not be used as a predicate offense to enhance sentence for subsequent third-degree theft conviction).

Johnson's comparison to *Young* is inapt. *Young* involved the district court's direct enhancement of a sentence based on prior criminal offenses. *Young*, 863 N.W.2d. Here, any challenge by defense counsel to Johnson's habitual-offender status as part of the criminal proceedings would have constituted a collateral attack on the decision of the DOT. *See State v. Clark*, 608 N.W.2d 5, 8-9 (Iowa 2000). If Johnson was not properly represented by counsel when he was convicted of the offenses underlying the habitual-offender determination, the proper time to raise that issue would have been in the administrative proceeding afforded for him to challenge the bar of his driver's license. *See* Iowa Code § 321.556; *Clark*, 608 N.W.2d at 8.

The record establishes a factual basis showing Johnson's driving privileges were barred by the DOT when he operated a motor vehicle in January 2016. Johnson admitted knowing his license was barred and driving anyway. Counsel did not breach an essential duty by failing to challenge Johnson's guilty plea.

**AFFIRMED.**