# IN THE COURT OF APPEALS OF IOWA

No. 18-0561
Filed July 3, 2019

**UNDRAY JERMAINE REED,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Black Hawk County, Bradley J. Harris, Judge.

     The applicant appeals the district court decision denying his application for postconviction relief. **REVERSED AND REMANDED.**

     Scott M. Wadding of Kemp & Sease, Des Moines, for appellant.

     Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

     Considered by Doyle, P.J., May, J., and Gamble, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2019).

**GAMBLE, Senior Judge.**

Undray Reed appeals the district court decision denying his application for postconviction relief. The postconviction-relief court found Reed established a claim of ineffective assistance of appellate counsel but improperly concluded it did not have authority to grant Reed relief. We reverse the decision of the district court and remand for further proceedings.

### I.      Background Facts & Proceedings

Reed was charged with eluding, possession of methamphetamine, and driving while license revoked. He stipulated his driver's license had been revoked during the relevant time period.

At Reed's criminal trial, Officer Albert Bovy of the Waterloo Police Department testified he observed Reed's vehicle did not have license plates, so he turned on his lights and siren and attempted to stop the vehicle. He stated Reed did not stop, but went forty-five to fifty miles per hour in a twenty-five mile per hour zone. Officer Bovy followed Reed's vehicle, which eventually skidded through an intersection and struck a house. He testified that "when [Reed] crashed into the house, I could see his driver's window was open. His arm comes flinging up as if to throw something." Officer Bovy stated he found "a baggie of crystal ice," a type of methamphetamine, and a pipe used to smoke methamphetamine on the ground at the scene of the crash. The State presented a videotape recording of the incident from Officer Bovy's squad car.

During closing arguments, defense counsel stated the video showed Officer Bovy placed something on the ground, which she stated could be the bag of methamphetamine. Defense counsel asked the jury to find Reed not guilty of

possession of methamphetamine. On the eluding charge, defense counsel stated, "You have to decide whether or not you trust Officer Bovy's testimony about the speed."

In rebuttal, the prosecutor discussed Officer Bovy's testimony concerning the defendant's speed and stated, "He's telling you the truth." Concerning the bag of methamphetamine, the prosecutor stated, "Why—why would a person who's gonna risk perjury, your career, do something like that in such a weak way? That's called candor. He's being honest." Defense counsel objected to this statement, and the court overruled the objection.

The jury found Reed guilty of eluding, possession of methamphetamine, and driving while revoked. Reed stipulated to being a habitual offender. The district court denied Reed's motion for a new trial. The court sentenced Reed to a term of imprisonment not to exceed fifteen years for eluding and fifteen years for possession of methamphetamine, to be served concurrently, and a fine for driving while revoked.

On direct appeal, Reed challenged only his conviction for possession of methamphetamine. *State v. Reed*, No. 16-1673, 2017 WL 3525175, at 1* (Iowa Ct. App. Aug. 16, 2017). We found there had been prosecutorial misconduct because the prosecutor vouched for Officer Bovy's credibility during the closing arguments. *Id.* at *4. We stated, "When the prosecutor personally vouched for the officer's honesty rather than sticking to the evidence presented, Reed was denied a fair trial." *Id.* We reversed Reed's conviction for possession of methamphetamine and remanded for a new trial on that charge. *Id.*

Reed filed an application for postconviction relief. He claimed he received ineffective assistance from appellate counsel because no challenge was made on appeal to his conviction for eluding or driving while revoked. Reed asserted the prosecutorial misconduct at his criminal trial prejudiced the entire case. In its ruling, the district court stated:

> The court, however, does find that appellate counsel was ineffective for failing to raise the issue of prosecutorial misconduct regarding Counts I and III of the Trial Information on appeal. The only evidence regarding speed of applicant's vehicle at the time it was fleeing law enforcement are statements either on video tape or at trial by the arresting officer. The appellate court determined that the prosecutor improperly vouched for the credibility of this officer. This conduct resulted in the reversal of applicant's conviction on Count II of the Trial Information [possession of methamphetamine]. No explanation is given as to why applicant's conviction for methamphetamine as a third offender and habitual offender was the only count raised on appeal. Reversal of this count raises a reasonable likelihood that the result would have been similar on applicant's conviction for Eluding as a Habitual Offender as charged in Count I or Driving while license revoked as charge in count III of the Trial Information.

The court went on to state, "The court having determined that appellate counsel was ineffective in representation of applicant and that applicant was prejudiced by this inadequate representation, the court is unable to provide relief to the applicant." Additionally, "The court therefore determines that despite the finding of ineffective assistance of appellate counsel, this court is without authority to provide an appropriate remedy. The matter must therefore be dismissed." Reed appeals the court's dismissal of his postconviction relief action.

## II.     Standard of Review

In general, we review the district court rulings in postconviction relief actions, including the dismissal of actions, for the correction of errors at law. *Moon*

*v. State*, 911 N.W.2d 137, 142 (Iowa 2018). When a claim implicates a constitutional issue, such as a claim of ineffective assistance of counsel, our review is de novo. *Id.*

### III. Postconviction Relief

Reed claims he is entitled to postconviction relief based on his claim he received ineffective assistance because appellate counsel did not challenge his convictions for eluding or driving while revoked. A person may be entitled to postconviction relief where "[t]he conviction or sentence was in violation of the Constitution of the United States or the Constitution or laws of this state." Iowa Code § 822.2(1) (2017). Claims of ineffective assistance "have their 'basis in the Sixth Amendment to the United States Constitution.'" *State v. Clay*, 824 N.W.2d 488, 494 (Iowa 2012) (citation omitted). An applicant may be entitled to postconviction relief due to the ineffective assistance of trial or appellate counsel. *See Tyson v. State*, No. 16-1158, 2017 WL 4315045, at *3 (Iowa Ct. App. Sept. 27, 2017).

The State concedes that if Reed received ineffective assistance of counsel, the district court had authority to grant a new trial. However, the State asserts the district court erred in its principal conclusion that Reed's appellate counsel was ineffective. The State argues the dismissal of Reed's postconviction-relief application should be affirmed because he failed to prove his claim of ineffective assistance of counsel.

To establish a claim of ineffective assistance of counsel, an applicant must prove: (1) counsel failed to perform an essential duty and (2) prejudice resulted to the extent it denied the applicant a fair trial. *State v. Maxwell*, 743 N.W.2d 185,

195 (Iowa 2008). An applicant's failure to prove either element by a preponderance of the evidence is fatal to a claim of ineffective assistance. *See State v. Polly*, 657 N.W.2d 462, 465 (Iowa 2003).

We agree with the district court's conclusion that Reed's appellate counsel breached an essential duty in failing to assert prosecutorial misconduct concerning eluding and driving while revoked. On the issue of prosecutorial misconduct, the Iowa Supreme Court has stated:

> The initial requirement for a due process claim based on prosecutorial misconduct is proof of misconduct. Evidence of the prosecutor's bad faith is not necessary, as a trial can be unfair to the defendant even when the prosecutor has acted in good faith.
> The second required element is proof the misconduct resulted in prejudice to such an extent that the defendant was denied a fair trial. "Thus, it is the prejudice resulting from misconduct, not the misconduct itself, that entitles a defendant to a new trial." In determining prejudice the court looks at several factors "within the context of the entire trial." We consider (1) the severity and pervasiveness of the misconduct; (2) the significance of the misconduct to the central issues in the case; (3) the strength of the State's evidence; (4) the use of cautionary instructions or other curative measures; and (5) the extent to which the defense invited the misconduct.

*State v. Graves*, 668 N.W.2d 860, 869 (Iowa 2003) (citations omitted).

A prosecutor "is precluded from using argument to vouch personally as to a defendant's guilt or a witness's credibility." *Id.* at 874 (citation omitted). "An argument amounts to impermissible vouching if the jury could reasonably believe the prosecutor was expressing a personal belief in the credibility of a witness, either through explicit personal assurances or implicit indications that information not presented to the jury supports the witness." *State v. Martens*, 521 N.W.2d 768, 772 (Iowa Ct. App. 1994). We find the evidence shows the prosecutor engaged in misconduct by vouching for the credibility of Officer Bovy through his statements,

"He's telling you the truth," and, "He's being honest." *Reed*, 2017 WL 3525175, at *1.

We also find Reed was prejudiced by the prosecutor's misconduct. Reed proved "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ledezma v. State*, 626 N.W.2d 134, 143 (Iowa 2001). The credibility of Officer Bovy was essential to proving Reed exceeded the posted speed limit by at least twenty-five miles per hour, which is an element of eluding. *See State v. Philo*, 697 N.W.2d 481, 485 (Iowa 2005). Also, Officer Bovy testified Reed was driving a vehicle, which is an element of driving while revoked. *See State v. Carmer*, 465 N.W.2d 303, 304 (Iowa Ct. App. 1990).

Where there has been prosecutorial misconduct that is prejudicial "to such an extent that the defendant was denied a fair trial," the proper remedy is to grant the defendant a new trial. *See Graves*, 668 N.W.2d at 869. We conclude that if Reed's appellate counsel had challenged his convictions of eluding and driving while revoked on grounds of prosecutorial misconduct, there is a reasonable probability the convictions would have been reversed and the matter remanded for a new trial.

We turn then to the proper relief in Reed's action for postconviction relief. Reed claims the district court erred by dismissing his petition for postconviction relief. He asserts the court had the authority to grant him a new trial under Iowa Code chapter 822. *See* Iowa Code § 822.7 ("If the court finds in favor of the applicant, it shall enter an appropriate order with respect to the conviction or sentence in the former proceedings, and any supplementary orders as to

rearraignment, retrial, custody, bail, discharge, correction of sentence, or other matters that may be necessary and proper.").

As noted, the State agrees the court erred in its belief it did not have the authority to grant Reed a new trial. We determine the district court erred by not granting the application for postconviction relief, vacating Reed's convictions for eluding and driving while revoked, and granting a new trial. *See Tyson*, 2017 WL 4315045, at *7 ("We reverse the PCR court's order denying Tyson's PCR application, reverse the judgment of conviction and sentence, and remand for a new trial" due to the ineffective assistance of trial and appellate counsel.); *see also Harrington v. State*, 659 N.W.2d 509, 525 (Iowa 2003) ("Accordingly, we reverse the trial court's contrary ruling, and remand this matter for entry of an order vacating Harrington's conviction and granting him a new trial.")

We reverse the decision of the district court and remand for the entry of a postconviction order vacating Reed's convictions and granting him a new trial on his charges of eluding and driving while revoked.

**REVERSED AND REMANDED.**