DUONNA J. MORSE, Plaintiff-Appellant, *v.* ARNOLD D. JOHNSON, Defendant-Appellee.

Third District    No. 79-512

Opinion filed March 7, 1980.

Kenneth L. Strong, of Thompson, Strong & Blakeman, of Pontiac, and Ross M. Canty, of Wenona, for appellant.

Robert M. Hansen and R. J. Lannon, Jr., both of Herbolsheimer, Lannon, Henson & Duncan, P. C., of La Salle, for appellee.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The plaintiffs, Duonna J. Morse and her daughter, Melanee Morse, filed suit in the circuit court of La Salle County to recover for damages they incurred in a traffic accident. After a trial on the merits, a 12-person jury returned a verdict which awarded $100 to Melanee and which included a special finding that Mrs. Morse was contributorily negligent. A post-trial motion was duly filed and overruled, and now Mrs. Morse seeks

our review of the proceedings below. The verdict in favor of Melanee Morse is not contested.

On October 7, 1975, the appellant was driving the family auto northbound on U.S. Route 51 just south of Tonica, Illinois. Accompanying Mrs. Morse as a passenger was her daughter, Melanee. Traffic on the highway was heavy, yet still moving at speeds approximating the posted limits. The appellant was moving with the traffic until she came up behind a slow-moving farm tractor pulling a wagon of grain. The presence of the tractor caused the appellant to slow her speed to an estimated 10 to 15 miles per hour, as did numerous other cars and semi-trucks in the northbound lane of Route 51.

Several of the northbound vehicles following the tractor observed safe opportunities to proceed around the slow-moving farm vehicle and turned into the southbound passing lane. With those vehicles beyond the traffic impediment, the procession of vehicles was led by the tractor, followed immediately by appellant's auto which, in turn, was followed immediately by a semi-truck driven by the defendant-appellee, Arnold D. Johnson. The tractor, the auto, and the semi-truck were each being driven at speeds estimated at 10 to 15 miles per hour. The appellant then slowed or stopped her auto and the front of appellee's semi collided with the rear of the auto. Mrs. Morse testified that her actions were necessitated to avoid a collision with the tractor which preceded her auto.

■■ In light of this factual background, the appellant alleges that the jury verdict was so overwhelmingly contrary to the evidence that it cannot stand. We are reminded of our supreme court's statement in *Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 299 N.E.2d 504, that "verdicts ought to be directed and judgments n.o.v. entered only in those cases in which all of the evidence, when viewed in its aspect most favorable to the opponent, so overwhelmingly favors movant that no contrary verdict based on that evidence could ever stand." We are asked to hold that the trial court should have entered a judgment *n.o.v.* on the issue of appellant's contributory negligence.

■ Upon reviewing the record, we find sufficient evidence therein to sustain the jury's finding. The record contains two different recollections of the events which occurred on the October day in question. The appellant recalls that the tractor slowed "to almost 5 miles an hour," that she "hit" her brakes to warn the traffic following, and that she almost came to an "abrupt stop" when the tractor started to turn from the highway. The appellee did not see the tractor slow down and further observed that "it never actually turned off for about a good half to three-quarters of a mile up the road." The appellant recalls an abrupt speed reduction in the middle of the highway made necessary as an emergency reaction to the sudden, unanticipated action of the tractor preceding her

auto. The appellee recalls an unnecessary and abrupt stop of Mrs. Morse's auto without reason or justification. While it is not always negligent to stop a vehicle on the highway, or even to stop a vehicle abruptly on the highway, the sudden or abrupt stopping of a vehicle on the roadway where traffic conditions are heavy, without justification or because of inattentiveness, can, under such circumstances, constitute contributory negligence. *Mernick v. Chiodini* (1956), 12 Ill. App. 2d 249, 139 N.E.2d 784; *Leonard v. Pacific Intermountain Express Co.* (1976), 37 Ill. App. 3d 995, 347 N.E.2d 359; *Zerbenski v. Tagliarino* (1978), 67 Ill. App. 3d 166, 384 N.E.2d 753; *Ryon v. Javior* (1979), 69 Ill. App. 3d 946, 387 N.E.2d 936.

Several authorities relied upon by the appellant are factually distinguished from the cases cited above in that the relied on cases do not involve a sudden stop of a vehicle in the roadway. The decision of *Apato v. Be Mac Transport Co.* (1972), 7 Ill. App. 3d 1099, 288 N.E.2d 683, does, however, involve such a stop. In the *Apato* case, like the case at bar, a leading vehicle driven by the plaintiff stopped on the traveled portion of the roadway and was rear-ended by the vehicle which followed. Unlike the case at bar, the court in *Apato* was not faced with the issue of whether the plaintiff was free from contributory negligence but rather whether the plaintiff proved that an injury was proximately caused by the collision. For this reason we do not believe the *Apato* decision requires a result different from that reached by the jury below.

■■■ Where this court is called upon to review the trial court's denial of a motion for judgment *n.o.v.*, we have no license to substitute our judgment for that of the jury. (*Hamas v. Payne* (1969), 107 Ill. App. 2d 316, 246 N.E.2d 1.) The jury's resolution of disputed factual question and the jury's determination as to which witness' recollection is more reliable can only be set aside where palpably erroneous or wholly unwarranted. (*Hamas v. Payne.*) The circumstances are absent here that will permit such a setting aside. It was not error for the trial court to refuse the appellant's post-trial motion for a new trial. If the jury was persuaded that the appellee's recollection was more reliable, and apparently they were, then their decision was not against the manifest weight of the evidence.

■■■ As an additional allegation of error, the appellant contends that the trial court improperly gave the following special interrogatory to the jury:

"Was the Plaintiff, Duonna J. Morse, guilty of negligence which proximately contributed to cause her injuries?"

As we have hereinbefore suggested, there was evidence in the record to suggest that Mrs. Morse stopped so abruptly and without justification as to constitute negligence. We are asked to attribute legal significance to the phrase "proximately contributed to cause" as opposed to the alternative "proximately caused." A decision of the supreme court, *Hocking v. Rehnquist* (1969), 44 Ill. 2d 196, 254 N.E.2d 515, and the approved form

of the Illinois Pattern Jury Instructions (IPI Civil No. 11.01 (2d ed. 1971) persuade us not to do so. Similarly, the difference between the phrase "guilty of negligence" and the phrase "free from contributory negligence" is legally inconsequential. Such a minor error in instructions is not grounds for reversal. *Schmitt v. Chicago Transit Authority* (1962), 34 Ill. App. 2d 67, 179 N.E.2d 838.

▆ Finally, the appellant objects to the giving of the following instruction for the reason that there is no evidence in the record to support same:

"There was in force in the State of Illinois at the time of the occurrence in question a certain Statute which provided that:

'No person shall drive a motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation of this vehicle or in compliance with law.'

If you decide that a party violated the statute on the occasion in question then you may consider that fact together with all the other facts and circumstances in evidence in determining whether or not a party was contributorily negligent before and at the time of the occurrence."

We find support for this instruction in the testimony of the appellant herself. The following questions and answers appear in the record of the appellant's testimony:

"Q: What did the tractor then do?

A: He slowed down very slow to almost five miles an hour—

Q: Did you then slow down?

A: Yes, sir. I came *almost* to an abrupt stop—."

(Emphasis added.)

The appellant cannot here contend that the only evidence of her contributory negligence involved "stopping" as opposed to "slowing down" when her own testimony is that she slowed and "almost" stopped. The trial court did not err by offering the quoted instruction.

For the reasons set forth above, we conclude that the verdict reached by the La Salle County jury must be accepted and that the judgment of the circuit court of La Salle County should be affirmed.

Affirmed.

ALLOY, P. J., and STENGEL, J., concur.