**STATE of Iowa, Appellant,**

v.

**Dennis Victor KOTZ, Appellee.**

**No. 69430.**

Supreme Court of Iowa.

Aug. 17, 1983.

Thomas J. Miller, Atty. Gen., and Lona Hansen, Asst. Atty. Gen., for appellant.

Gregory C. Nicholas, Clear Lake, for appellee.

Considered by REYNOLDSON, C.J., and UHLENHOPP, McGIVERIN, LARSON and WOLLE, JJ.

LARSON, Justice.

Following his conviction for OMVUI, defendant Kotz's operator's license was revoked under Iowa Code section 321.209(2) (1979). This 120-day revocation began on September 2, 1980 and remained in effect through December 31, 1980. An official notice Kotz received stated that the revocation was authorized under both section 321.-209 and section 321A.17 of the code. Section 321.209(2) provided for the original, mandatory, revocation for the OMVUI conviction. Section 321A.17 provided for continued revocation or suspension, beyond the 120 days, unless defendant filed and maintained proof of financial responsibility. This provision was also explained on defendant's official notice.

On June 1, 1982, before a proof of financial responsibility was filed, defendant was arrested for driving while his license was under suspension, and he was charged under section 321A.32. Defendant moved to dismiss, claiming he should have been charged under sections 321.209 (the revocation section for OMVUI convictions) and 321.218 (the penalty section for violating section 321.209) instead of under section 321A.32. The issue is of significance to this defendant, as a violation of section 321A.32 was a serious misdemeanor while a violation under section 321.209 was only a simple misdemeanor under the 1981 code. (We note these sections now provide for identical penalties under the 1983 code). The trial court, finding chapters 321 and 321A to be separate and distinct, and that suspension and revocation "are not the same," granted the motion to dismiss. Simply stated, the trial court concluded that the OMVUI conviction under chapter 321 had not triggered the continuing revocation or suspension for failure to file proof of financial responsibility under chapter 321A. We reverse and remand.

Section 321A.17 provides, in pertinent part:

1. Whenever the director, under any law of this state, suspends or revokes the license of *any* person upon receiving record of a conviction. . . .

2. Such license and registration shall remain suspended or revoked . . . until he shall give and thereafter maintain proof of financial responsibility.

(Emphasis added.)

The trial court found section 321A.17(2) to be a directive section, providing no penalty and not referring to chapter 321. The trial court also noted that section 321A.32, a penalty section, does not refer to chapter 321 and explicitly only addresses revocations "under this chapter." The district court concluded that defendant should have been charged under section 321.218. We disagree; there is a statutory path for defendant's revocation to follow from chapter 321 to 321A.

The original OMVUI revocation under section 321.209 provided simply for a man-

datory revocation, in this case for 120 days, from September 2 to December 31, 1980. This chapter 321 revocation requires action under chapter 321A, because sections 321A.17(1) and (2) provide, "whenever the director, under *any law* of the state, ... revokes the license of any person ..." (emphasis added), that person must post proof of financial responsibility before the revocation or suspension will be lifted. Thus, a revocation having its origin under section 321.209 becomes a continuing revocation under section 321A.17 for so long as the driver fails to post proof of financial responsibility. This view is reenforced by the language of section 321A.32(1), which includes, as a violation, driving while one's license "*continues* to remain suspended or revoked under this chapter, ..." (emphasis added). Thus, a section 321.209(2) revocation, continuing in effect by failure to post proof of financial responsibility, can trigger a penalty under chapter 321A.

The case of *State v. Sonderleiter,* 251 Iowa 106, 99 N.W.2d 393 (1959), cited by defendant and the trial court, is inapposite. Sonderleiter was charged with a chapter 321A violation of a continuing revocation before the initial chapter 321 revocation had expired. Here, defendant's license remained revoked under the continuing revocation provisions of chapter 321A, the same chapter under which he was charged.

Nor do we find the use of the term "suspension" in the trial information fatal to the State's case. At every pertinent point in these statutes, both revocation and suspension are included, separated only by the conjunction "or." And the official notice specifically stated that unless he filed proof of financial responsibility, defendant's license would remain under suspension under chapter 321A. While law enforcement should use these terms accurately, there is no indication that the defendant was prejudiced in any way. Further, the two terms function similarly here.

REVERSED AND REMANDED.