**STATE of Iowa, Appellant,**

v.

**Lincoln BARTUSEK II, Appellee.**

**No. 85–258.**

Supreme Court of Iowa.

March 19, 1986.

Thomas J. Miller, Atty. Gen., Lona Hansen, Asst. Atty. Gen., and Brent D. Heeren, Co. Atty., for appellant.

Charles L. Harrington, Appellate Defender, and John P. Messina, Asst. Appellate Defender, for appellee.

REYNOLDSON, Chief Justice.

The State appeals from trial court's order dismissing a charge against the defendant, Lincoln Bartusek II, for driving while under suspension (financial responsibility) in violation of Iowa Code sections 321A.17 and 321A.32 (1983). We affirm.

August 6, 1984, the Iowa Department of Transportation (DOT) officially notified defendant that his driver's license was suspended pursuant to Iowa Code sections 321.210(3) and 321A.17. The notice stated the suspension would take effect on September 5, 1984, and last until December 4, 1984. It further provided the suspension would continue beyond December 4 if defendant failed to demonstrate proof of financial responsibility under chapter 321A. October 13, 1984, two policemen allegedly observed defendant operating a motor vehicle on a public street. He was arrested and separately charged with driving while under suspension in violation of Iowa Code section 321.218 (a simple misdemeanor) and section 321A.32 (a serious misdemeanor).

Defendant was acquitted on the simple misdemeanor charge. He then filed a motion to dismiss the section 321A.32 charge because the "particulars alleged by the State [did] not constitute the offense charged." *See* Iowa R.Crim.P. 10(6)(a). The State resisted. Following a hearing, trial court sustained the motion. The court

determined that Iowa Code section 321A.32 applies only to persons whose driving privileges initially were suspended under chapter 321A, or whose privileges were subject to a continuing suspension under that chapter.[1] Because the court found defendant came within neither of those categories, it dismissed the trial information charging him with a violation of Iowa Code section 321A.32.

On appeal the State contends that defendant's license was suspended initially under Iowa Code section 321A.17(2) in addition to section 321.210(3),[2] and therefore, his alleged violation of the suspension provided a basis for the section 321A.32 charge. Consequently, the State asserts trial court erred in dismissing the information. The State, however, does not argue that defendant was operating under an Iowa Code chapter 321A continuing suspension. Defendant was arrested during the initial suspension period and therefore could not have been subject to a "continuing" suspension. The sole issue before us is whether Iowa Code section 321A.17(2) provides a basis for the initial suspension of driving privileges so that defendant's alleged violation of his suspension would state a cause under section 321A.32(1).

Although we have explored related issues in previous cases, we never have addressed the present question. In *State v. Sonderleiter*, 251 Iowa 106, 99 N.W.2d 393 (1959), we held only that Iowa Code section 321A.32 was inapplicable because the defendant's license was revoked under chapter 321 and he was not yet subject to a continuing revocation under chapter 321A. *Id.* at 109–10, 99 N.W.2d at 395–96. The State did not contend in *Sonderleiter*, as it does here, that defendant's license was suspended under chapter 321A in addition to chapter 321. Similarly, in *State v. Kotz*, 337 N.W.2d 530 (Iowa 1983), we held only that a license revocation effected under chapter 321 can continue under chapter 321A for failure to post proof of financial responsibility upon the expiration of the initial revocation period. *Id.* at 532.

We turn to principles of statutory interpretation to determine whether the defendant's license was suspended under both sections 321.210(3) and 321A.17(2) on the date of his alleged violations. To ascertain the legislative intent, we look to the spirit of the statute as well as the words and give a "sensible, workable, practical, and logical construction." *Emmetsburg Ready Mix Co. v. Norris*, 362 N.W.2d 498, 499 (Iowa 1985) (*quoting Hansen v. State*, 298 N.W.2d 263, 265–66 (Iowa 1980)). The usual and ordinary meaning of the statutory language is given unless it would frustrate the intent of the legislature. *Welp v. Iowa Department of Revenue*, 333 N.W.2d 481, 483 (Iowa 1983).

Iowa Code chapter 321A requires certain persons to post a bond with the DOT as a means of demonstrating financial responsibility for potential claims that may arise from previous accidents, or as security for future encounters on the state's highways. We have found the overall purpose of chapter 321A is "to protect the public from financial irresponsibility of motorists upon streets and highways." *Motor Vehicle Casualty Co. v. LeMars Mutual Insurance Co.*, 254 Iowa 68, 76, 116 N.W.2d 434, 439 (1962). Section 321A.17(2) furthers this purpose by making proof of financial

---

1. Trial court correctly determined when Iowa Code section 321A.32(1) was applicable. *See State v. Kotz*, 337 N.W.2d 530, 531–32 (Iowa 1983); *State v. Sonderleiter*, 251 Iowa 106, 109, 99 N.W.2d 393, 395–96 (1959). That section provides:

 Any person whose license or registration ... has been suspended, denied or revoked under this chapter or continues to remain suspended or revoked under this chapter, and who, during such suspension, denial or revocation, or during such continuing suspension

 or continuing revocation, drives any motor vehicle upon any highway or knowingly permits any motor vehicle owned by such person to be operated by another upon any highway, except as permitted under this chapter, shall be guilty of a serious misdemeanor.

 Iowa Code § 321A.32(1) (1983).

2. Section 321.210(3) provides for the suspension of a driver's license when that driver is an habitual offender of the traffic laws. Iowa Code § 321.210(3) (1983).

responsibility a prerequisite to reinstatement of a suspended license. We must determine whether the legislature also intended that this provision provide a basis for the initial suspension of a driver's license.

We first note that in other parts of chapter 321A the legislature clearly has indicated when it intended to provide the DOT with the power to make an initial suspension. For example, a different paragraph of the same code section relied on by the State expressly provides that the director, upon suspending a driver's license under any law of this state, "shall also suspend" the car registration of that driver. Iowa Code § 321A.17(1) (1983). Section 321A.17(2) does not contain this directive with regard to a driver's license.

Section 321A.17(2) provides:

Such license and registration *shall remain suspended* ... and shall not at any time thereafter be renewed nor shall any license be thereafter issued to such person ... until permitted under the motor vehicle laws of this state and not then unless and until he shall give and thereafter maintain proof of financial responsibility.

Iowa Code § 321A.17(2) (1983) (emphasis added).

 We narrow our focus to the key words of Iowa Code section 321A.17(2): "Such license ... *shall remain suspended* ...." *Id.* Generally, the word "shall," when used in a statute, is construed to mean something that is mandatory. *Gibson v. Winterset Community School District*, 258 Iowa 440, 444, 138 N.W.2d 112, 115 (1965); *see* Iowa Code § 4.1(36)(a) (1983) (The word "shall" when used in a statute enacted after July 1, 1971, imposes a duty.); *see also Webster's Third New International Dictionary* 2085 (1976). Similarly, the word " 'remain' presupposes and implies something that exists or continues *after some other time or event.*" *Nunez v. Superior Court*, 18 Ariz.App. 462, 465, 503 P.2d 420, 423 (1972) (emphasis added). *See Kudlich v. Ciciarelli*, 48 Haw. 290, 298 n.8, 401 P.2d 449, 454 n.8

(1965) (per curiam); *State v. Lohnes*, 69 N.W.2d 508, 513 (N.D.1955); *Webster's Third New International Dictionary* 1919 (1976) (Remain means to "continue unchanged in form, condition, status, or quantity: continue to be."). Therefore, "remain" does not refer to something newly existing or yet to be created. It contemplates something that already exists.

 "Shall remain" thus means something that already exists must continue in the same form or status, even after the passage of some event or point in time. Therefore, Iowa Code section 321A.17(2) provides that a driver's license, which previously has been suspended, "shall remain" suspended after the initial period expires, until proof of financial responsibility has been filed with the DOT. Section 321A.17(2) does not provide a separate basis on which to suspend a driver's license, but provides only a basis on which to continue the original suspension.

The State argues we previously have suggested that section 321A.17(2) not only provides a ground for continuing a suspension, but also provides a ground on which to suspend a driver's license initially, citing *Danner v. Hass*, 257 Iowa 654, 134 N.W.2d 534 (1965). A close review of *Danner* discloses that defendant's license was suspended originally under chapter 321 with the suspension to continue until proof of financial responsibility was shown. *Id.* at 657, 134 N.W.2d at 537. The court's specific discussion of section 321A.17 involves the suspension of the defendant's car registration following the withdrawal of his driving privileges under chapter 321. *Id.* at 668–70, 134 N.W.2d at 543–44; *see* Iowa Code § 321A.17(1) (1962). Thus, *Danner* did not hold section 321A.17(2) authorizes the initial suspension of a driver's license by the DOT.

Our interpretation of Iowa Code section 321A.17(2) finds support in DOT's own traffic record on defendant. This certified record indicates that defendant's license was suspended initially for ninety days because he was an habitual offender of the traffic laws. Further, the suspension was

to continue until December 4, 1984, and "until proof of financial responsibility [was filed]." Thus, defendant's traffic record does not reflect an initial section 321A.17(2) suspension.

We hold Iowa Code section 321A.17(2) does not provide a separate basis on which to suspend a driver's license in the first instance, but provides only for continuance of a suspension already effected. We thus affirm trial court's ruling in sustaining defendant's motion to dismiss the information.

AFFIRMED.

All justices concur except LAVORATO, J., who takes no part.