David ROSAS, Appellee,

v.

John Andrew DANILSON, Defendant,

and

Kolontar Enterprises, Ltd., d/b/a the
Distillery, Appellant.

No. 85–1073.

Supreme Court of Iowa.

May 21, 1986.

James E. Goodson, Jr., and Richard J.
Sapp of Nyemaster, Goode, McLaughlin,
Emery & O'Brien, P.C., Des Moines, for
appellant.

Marc S. Harding and Bruce Washburn,
Des Moines, for appellee.

Considered by UHLENHOPP, P.J., and
McGIVERIN, LARSON, SCHULTZ and
CARTER, JJ.

McGIVERIN, Justice.

This is an appeal by defendant Kolontar
Enterprises, Ltd. (Kolontar), the operator
of a dram shop called "The Distillery",
from an adverse jury verdict in a combined
negligence and dram shop action arising
out of a car-moped accident in which plain-
tiff David Rosas was injured. Upon a con-
sideration of the controlling issue present-
ed for review, we affirm.

At the time of the accident, on May 21,
1983, plaintiff Rosas was employed as a
night security guard at Des Moines Area
Community College. His work shift ended
at 12:00 a.m., so he began riding his Honda
Express moped to his home in Des Moines
shortly after midnight. The moped had
lights that automatically came on when the
vehicle was in operation. It also was
equipped with a red taillight in the back,
which was lighted at the time of the acci-
dent, and turn signals which flashed if they
were activated by the driver. On level
ground, the moped would run at a maxi-
mum speed of approximately twenty-five
miles per hour.

Plaintiff was proceeding southbound on
highway 69, a two-lane highway for two-
way traffic, and operating the moped at its
maximum speed. The posted maximum
speed on the highway was fifty miles per

hour. There was no posted minimum speed.

Earlier that evening, defendant John Danilson, who is not a party to this appeal, left home at approximately 6:00 p.m. to attend a party sponsored by the student government of Des Moines Area Community College. The party was being held at The Distillery, a bar owned by defendant Kolontar. While there, Danilson was served by defendant's employees approximately twenty "kamikaze" drinks, each containing one shot of alcohol.

Around midnight, Danilson left defendant bar. Witnesses who observed Danilson testified he appeared to be intoxicated. Danilson got into his car and proceeded southbound on highway 69.

Approximately one and one-half miles from the Des Moines Area Community College campus, as Danilson was traveling down the highway, he struck Rosas' moped which was being operated ahead of him in the right-hand traffic lane. As a result of the impact, Rosas was thrown from the moped into the ditch and injured. Danilson testified at trial that he never saw plaintiff until after the accident occurred.

Thereafter, plaintiff brought this action against the car driver, Danilson, on a negligence theory and also Kolontar, the operator of the dram shop where Danilson allegedly had become intoxicated, on a dram shop theory. See Iowa Code §§ 123.92–.94 (1983).

At trial, defendants Danilson and Kolontar presented evidence suggesting that plaintiff had been negligent by traveling too slowly on highway 69 and by not taking additional precautions to insure that he was visible to other drivers.

Kolontar requested a jury instruction, based on Iowa Code sections 321.285 and 321.294 regarding the duty of a driver to maintain a minimum speed on the highway. The court refused to submit the instruction. The court also refused to apply the principles of comparative negligence so as to permit the jury to compare the alleged negligence of plaintiff with that of Danil-

son and, thus, to shield the dram shop operator from liability for injuries not proximately caused by the intoxicated driver, Danilson. See Iowa Code § 123.92. The jury returned a verdict which awarded plaintiff $30,915 against both defendants. Judgment was entered on the verdicts. A motion for new trial was duly filed, Iowa Rule of Civil Procedure 244, by defendant Kolontar, and overruled by the court. Kolontar now seeks our review. Defendant Danilson has not joined in this appeal.

The issues presented for our review are: 1) whether the district court erred in refusing to instruct the jury regarding the duty of a driver of a motor vehicle to drive at a minimum reasonable speed on a highway; and 2) whether the district court should have permitted the jury to compare the negligence of the intoxicated driver, Danilson, with any alleged negligence of plaintiff Rosas in considering the responsibility of defendant Kolontar for plaintiff's damages. Kolontar concedes that both of these issues must be decided favorably to it for its appeal to be successful. Because our disposition of the first issue is controlling, we need not address the second.

I. *Minimum speed.* Defendant Kolontar contends there was sufficient evidence of plaintiff's negligence to support Kolontar's requested minimum speed instruction. The requested instruction was as follows:

The law provides that any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not less than is reasonable and proper, having due regard for the traffic, surface and width of the highway and of any other conditions then existing.

The law also provides that no person shall drive a motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic except when reduced speed is necessary for safe operation or in compliance with law.

A failure to comply with these provisions of the law constitutes negligence.

The main thrust of defendant's argument here is that plaintiff impeded the normal flow of traffic on the highway in the opera-

tion of his moped. Kolontar contends plaintiff thus violated Iowa Code sections 321.285 and 321.294. Further, defendant contends on appeal that plaintiff should have driven the moped along the shoulder of the road and that he should have taken various additional measures to make himself more visible to other drivers. However, Kolontar requested no jury instructions along these lines and did not object to the court's jury instructions on those bases. Defendant argues that the question of alleged contributory negligence is one for the jury and rarely may be decided as a matter of law. Iowa R.App.P. 14(f)(10).

In order to determine the propriety of defendant's proposed jury instruction regarding plaintiff's alleged contributory negligence, we must examine the relevant governing traffic statutes. *See* Iowa Code ch. 321. Thus, we will determine the respective rights and duties of the plaintiff and Danilson on the roadway.

A. *Statutory authority.* At the time of the accident, plaintiff was operating a motorized bicycle, known as a moped. Such a vehicle is defined in Iowa Code section 321.1(3)(b) as follows:

> *"Motorized bicycle"* or *"motor bicycle"* means a motor vehicle having a saddle or a seat for the use of a rider and designed to travel on not more than three wheels in contact with the ground, with an engine having a displacement no greater than fifty cubic centimeters and *not capable of operating at a speed in excess of twenty-five miles per hour on level ground* unassisted by human power.

(Emphasis added.)

In order to legally operate a moped, the operator must be licensed. Iowa Code § 321.189(2). Plaintiff was a licensed operator. The possession of such a license "entitles the licensee to operate a motorized bicycle *upon the highway."* Iowa Code § 321.189(2)(a) (emphasis added). A final statutory provision which we will consider is Iowa Code section 321.275(1) which states:

The motor vehicle laws apply to the operators of motorcycles and motorized bicycles *to the extent practically applicable.* (Emphasis added.) That code section further provides that "a motor vehicle shall not be operated in a manner depriving a ... motorized bicycle operator of the full use of a lane." Iowa Code § 321.275(4).

■ In view of the statutory provisions cited above, we consider defendant Kolontar's argument that, in connection with the requested minimum speed instruction, plaintiff should have driven along the shoulder of the highway so as not to impede the flow of traffic. This contention was not preserved in the district court and also is not supported by statutory authority. According to Iowa Code section 321.-189, plaintiff was entitled to operate his moped on the highway, in a traffic lane. Iowa Code § 321.275(4). He was not required to drive on the shoulder.

■ Defendant also claims, again in connection with the requested minimum speed instruction, that plaintiff should have worn reflective clothing in order to make himself more visible to other drivers on the road. Error was not preserved on this point in the district court, and this contention also is without statutory support. Although the wisdom of taking such a precautionary measure is not disputed, the legislature has chosen not to impose this requirement on moped operators, such as plaintiff. *Cf.* Iowa Code § 321.383(2) (reflective device for equipment and implements of animal husbandry operating below twenty-five miles per hour required).

As stated before, defendant told the court its requested minimum speed instruction was based on Iowa Code sections 321.-285 and 321.294. Section 321.285 sets maximum speed restrictions on streets and highways, and it sets a minimum speed on the interstate highways. Section 321.285 also prohibits any vehicle or conveyance incapable of attaining and maintaining a speed of forty miles per hour from using the interstate highway system. There is no similar statutory provision for a primary

road, that is not an interstate, such as highway 69.

■ Iowa Code section 321.294 provides in part:

No person shall drive a motor vehicle at such a slow speed as to impede or block the normal and reasonable movement of traffic *except when reduced speed is necessary for safe operation or in compliance with law.*

(Emphasis added.) Therefore, under the express terms of this statute, reduced speed is permitted when 1) necessary for safe operation or 2) in compliance with law. Both of those conditions are present here to permit plaintiff to operate his vehicle at a reduced speed without violating Iowa Code section 321.294.

Iowa Code section 321.189 expressly permits an operator of a moped to drive on the highways, although a moped, by its statutory definition, cannot operate at a speed in excess of twenty-five miles per hour. Thus, when plaintiff drove down the highway on his lighted moped, he was driving at a speed necessary for the safe operation of the vehicle. Further, and more importantly, he was in compliance with all relevant governing statutory provisions. In order to conclude that plaintiff was not operating at a reasonable speed and was in possible violation of Iowa Code sections 321.285 and 321.294, we would have to ignore sections 321.1(3)(b) and 321.189. This would not be in accord with the legislature's intent in enacting these statutes. *See generally State v. Bartusek*, 383 N.W.2d 582, 583 (Iowa 1986).

Further, section 321.275 provides that the laws of the road apply to mopeds to the "extent reasonably practicable." It would be impracticable for us to conclude that a moped which clearly has a right to operate on the highway must operate at a speed above its maximum capabilities in order to be in compliance with the traffic laws.

Therefore, on the basis of the statutes we have cited and discussed, we conclude that plaintiff was operating his moped in compliance with the law, and the district court correctly refused to submit an instruction to the jury regarding the duty of plaintiff to operate at a reasonable minimum speed.

B. *Cases regarding minimum speed.* Defendant Kolontar has cited numerous cases in support of its proposition regarding the duty of plaintiff to maintain a minimum speed on the highway. However, those authorities relied upon by defendant are factually distinguishable from the situation here.

In one category of cases cited by defendant, the courts were faced with the factual situation of an *automobile* failing to maintain a reasonable speed on a highway or freeway. There, the courts held that an instruction on minimum speed was correctly given. *See Seaton v. Spence*, 215 Cal. App.2d 761, 766, 30 Cal.Rptr. 510, 513 (1963); *Hickman v. Hock*, 486 P.2d 442, 444–45 (Colo.Ct.App.1971); *Morse v. Johnson*, 81 Ill.App.3d 552, 556, 36 Ill.Dec. 813, 816, 401 N.E.2d 654, 657 (1980); *Jacobsen v. Hala*, 255 Iowa 918, 926–27, 125 N.W.2d 500, 505 (1963); *Fairbanks v. Travelers Insurance Co.*, 232 So.2d 323, 327–29 (La. Ct.App.), *aff'd*, 234 So.2d 194 (La.1970), *Aanenson v. Engelson*, 267 Minn. 1, 6–7, 124 N.W.2d 360, 363–64 (1963); *Cheek v. Weiss*, 615 S.W.2d 453, 457–58 (Mo.Ct.App. 1981); *Page v. Tao*, 56 N.C.App. 488, 492, 289 S.E.2d 910, 913–14 (1982); *Garcia v. Prescott*, 570 S.W.2d 562, 565–66 (Tex.Civ. App.1978).

Unlike the case at bar, the courts in those cases were not faced with specific statutes governing the operation of mopeds. Clearly, Iowa Code sections 321.-285 and 321.294 would be applicable in all respects to the operation of an automobile. However, when these provisions are considered in light of the other specific statutes governing mopeds, then the legislature has directed that we only apply these general laws of the road to the "extent reasonably practicable". Iowa Code § 321.275. For this reason, we do not believe the decisions cited by Kolontar require a different result from that reached by the district court.

In a second category of cases cited by defendant, the courts were considering the minimum speed of farm equipment and tractor-trailers. *See Markiewicz v. Greyhound Corp.*, 358 F.2d 26, 28–29 (7th Cir. 1966); *Hooten v. DeJarnatt*, 237 Ark. 792, 795–96, 376 S.W.2d 272, 274 (1964); *Gray v. Poplar Grove Planting & Refining Co.*, 321 So.2d 919, 923 (La.Ct.App.1975), *aff'd*, 325 So.2d 280 (La.1976).

In these cases, the minimum speed instruction regarding the operator's contributory negligence was held to be properly submitted to the jury. However, in each of these factual situations, the slow-moving tractor or tractor-trailer had no headlights on at night and was not visible to the driver that struck the vehicle from the rear. Thus, there was an additional hazard that was not present here, where plaintiff Rosas was driving a fully-lighted moped on the highway. Therefore, these holdings are distinguishable from the case here.

II. *Disposition.* Accordingly, we conclude that the district court correctly refused Kolontar's requested jury instruction on the duty of plaintiff to maintain a minimum speed, concerning Kolontar's effort to establish contributory negligence on the part of plaintiff. Because we have concluded defendant Kolontar has not shown a requested submissible issue of contributory negligence on the part of plaintiff, we need not address the other issue raised by defendant. Therefore, judgment was properly entered on the favorable jury verdict for plaintiff.

AFFIRMED.