In the Interest of S.M.D., Minor Child, S.M.D., Minor Child, Appellant.

No. 97–160.

Supreme Court of Iowa.

Oct. 22, 1997.

Mark A. Roeder of Roeder & Hassler, Manchester, for appellant.

Thomas J. Miller, Attorney General, and Diane M. Stahle, Special Assistant Attorney General, for appellee State of Iowa.

Considered by McGIVERIN, C.J., and HARRIS, NEUMAN, ANDREASEN, and TERNUS, JJ.

HARRIS, Justice.

This appeal calls for interpretation of Iowa Code section 232.51 (1995), which provides for disposition of juvenile proceedings when the child is found to suffer from mental illness or retardation. The last sentence of that statute states: "If the child is committed as a mentally ill or mentally retarded child, any order adjudicating the child to have committed a delinquent act shall be set aside and the petition shall be dismissed."[1] The question is whether this right of dismissal is limited to proceedings where the commitment is ordered in connection with a determination of delinquency, or whether dismissals are also required where commitment is ordered at a later proceeding. We think the trial court was correct in limiting application of the statute to the former category of cases.

A delinquency petition, filed March 8, 1995, charged S.M.D. with assault while displaying a dangerous weapon. *See* Iowa Code § 708.1(3). At a combined adjudication and dispositional hearing, S.M.D. pled guilty to a lesser charge of misdemeanor assault in violation of Iowa Code sections 708.1(2) and 708.2. The court noted that S.M.D. presented an oppositional defiant disorder and was currently being treated for depression and hyperactivity. S.M.D. was placed on formal probation with juvenile court services and ordered to comply with supervision.

During the next thirteen months, S.M.D. was in and out of a variety of shelter and treatment centers. Less restrictive placement options were available, including numerous in-the-home community-based services, but his inability to maintain amicable home relationships invariably required re-moval. Throughout this period medical personnel addressed S.M.D.'s substance, behavioral, and psychological disorders.

A second petition was filed June 27, 1996, alleging S.M.D. to be delinquent for possession of a controlled substance (marijuana) and simple assault. *See* Iowa Code §§ 124.401(3), 708.1, 703.1, 703.2. By agreement S.M.D. pled guilty to possession of a controlled substance. The assault charge was dismissed. The juvenile court once again adjudged S.M.D. delinquent. He was again placed in custody of juvenile court services and ordered to receive treatment for his substance abuse problems. The court did not initiate civil commitment proceedings.

For the next four months S.M.D. was treated for his psychiatric and substance abuse disorders at a number of facilities. These treatments were hampered by S.M.D.'s propensity, and apparently his talent, for fleeing the institutions. On October 7, 1996, the juvenile court found S.M.D. was seriously mentally impaired with diagnosis of conduct disorder, probable bi-polar disorder, and attention deficit and hyperactivity disorder. At a dispositional modification hearing on December 16, 1996, the juvenile court learned that S.M.D. absconded and could not be located. The court reaffirmed its earlier findings and also concluded S.M.D. was an imminent danger to himself or others.

This time the court found S.M.D. qualified for commitment pursuant to Iowa Code chapter 229 and initiated proceedings as specified in Iowa Code section 232.51.[2] On January 1, 1997, S.M.D. was located and hospitalized as directed by Iowa Code chapter 229.

Subsequently, S.M.D. filed a motion to dismiss the delinquency petitions and to set aside the adjudication orders pursuant to Iowa Code section 232.51. He appeals following denial of the motion.

I. Juvenile delinquency proceedings are reviewed de novo. *In re J.D.F.*, 553 N.W.2d 585, 587 (Iowa 1996). The present

---

1. Minor changes, not affecting this decision, were made by the 1996 Iowa Acts chapter 1129, § 62.

2. Iowa Code § 232.51 requires that commitments comply with Code chapter 229 (hospitalization for persons with mental illness) or with Code chapter 222 (persons with mental retardation).

case however requires our interpretation of a statute for which our review is on error. *In re G.J.A.,* 547 N.W.2d 3, 5 (Iowa 1996); *State v. Sullins,* 509 N.W.2d 483, 485 (Iowa 1993).

II. The disputed statutory language must be read in context:

> If the evidence received at an adjudicatory or a dispositional hearing indicates that the child is mentally ill, the court may direct the juvenile court officer or the department to initiate proceedings or to assist the child's parent or guardian to initiate civil commitment proceedings in the juvenile court. These proceedings in the juvenile court shall adhere to the requirements of chapter 229.... If the child is committed as a mentally ill or mentally retarded child, *any order adjudicating the child to have committed a delinquent act shall be set aside and the petition shall be dismissed.*

Iowa Code § 232.51 (emphasis added).

Although they sharply disagree on its meaning, both S.M.D. and the State think the pivotal word "any" is unambiguous. Because no time frame is specified, S.M.D. contends dismissals are required even in cases where the commitment occurs later and separately—rather than as a part of the delinquency judgment. The State thinks the word "any" is addressed only to the petition under consideration at the time of commitment. If we conclude the statute is ambiguous, the State contends the rules of statutory construction support its interpretation.

■■ A statutory provision is ambiguous if reasonable minds could differ or be uncertain as to its meaning. *Holiday Inns Franchising, Inc. v. Branstad,* 537 N.W.2d 724, 728 (Iowa 1995). Although an ambiguity does not automatically arise when parties dispute the meaning of a statute, we think neither interpretation suggested here qualifies as unreasonable. The meaning of "any" in the statute is thus ambiguous and we must resort to the rules of statutory construction.

■ When we interpret ambiguous statutes, the ultimate goal is to give effect to legislative intent. *Citizens' Aide/Ombudsman v. Miller,* 543 N.W.2d 899, 902 (Iowa 1996); *see also* Iowa R.App. P. 14(f)(13) (stating "[i]n construing statutes the court searches for the legislative intent as shown by what the legislature said, rather than what it should or might have said"). To arrive at the construction that best gives effect to legislative intent, we consider the language of the statute, the objects sought to be accomplished, and the evil sought to be remedied. *In re G.J.A.,* 547 N.W.2d at 6; *State v. Green,* 470 N.W.2d 15, 18 (Iowa 1991). "[I]n order to ascertain the legislature's intent, we look to the spirit of the statute as well as the words and give a 'sensible, workable, practical, and logical construction.'" *Holiday Inns Franchising, Inc.,* 537 N.W.2d at 728 (quoting *State v. Bartusek,* 383 N.W.2d 582, 583 (Iowa 1986)). We do not construe a statute in a way that would produce impractical, unreasonable, or absurd results. *Id.*

■ The legislature empowered the juvenile court to direct juvenile court officers or the department to initiate proceedings—or help the parents to initiate proceedings—to commit the juvenile to a mental health facility. The initiation of the proceedings was to be undertaken only if evidence was received at an adjudicatory or dispositional hearing indicating the child was mentally ill. In the last sentence of the section, the legislature directed the juvenile court to set aside any adjudicatory orders declaring the juvenile delinquent and to dismiss the petition that alleged the delinquent activity if the child was committed as a child with a mental illness pursuant to chapter 229.

■ Read in context, we think the word "any" refers only to those orders addressing petitions then under consideration. We think this interpretation best effectuates the objects to be accomplished by the legislation. The legislature was concerned with the juvenile being adjudged delinquent on account of the child's lack of sufficient judgment to control his or her actions owing to mental illness or mental retardation. When, at the time of the adjudication of delinquency, the evidence indicates mental illness (or retardation) calls for a commitment, the child should be under the jurisdiction of a mental health institution rather than the juvenile court. The purpose

of section 232.51 thus calls for a correlation between the need for commitment and the delinquent behavior. S.M.D.'s interpretation would require dismissal in some cases where the delinquent act had no connection with mental illness. This lack of correlation indicates that S.M.D.'s suggested interpretation is at odds with legislative intent.

The district court was correct in denying S.M.D.'s motion because the need for commitment was disclosed as evidence at a subsequent hearing regarding his progress—not at the adjudicatory or dispositional hearing regarding the alleged delinquent act.

**AFFIRMED.**