# IN THE COURT OF APPEALS OF IOWA

No. 16-1780
Filed May 3, 2017

**IN THE INTEREST OF P.G.,**
**Minor Child.**

**P.G., Minor Child,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, Rachael E. Seymour, District Associate Judge.

The minor child appeals the juvenile delinquency adjudicatory and dispositional orders. **AFFIRMED.**

Gerald B. Feuerhelm of Feuerhelm Law Office, P.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

A minor child, P.G., appeals the juvenile delinquency adjudicatory and dispositional orders. We find there is sufficient evidence in the record to show P.G. committed the delinquent act of first-degree theft. We determine P.G.'s claims regarding placement at the State Training School are moot as he has been discharged from the school. We affirm the decision of the juvenile court.

### I. Background Facts & Proceedings

On February 12, 2016, P.G., who was then seventeen, assaulted another teenage boy, E.C. P.G. stated he would continue to hit E.C. until E.C. gave P.G. his Apple watch, valued at $700, and as a result E.C. gave P.G. the watch. E.C. received a bloody nose, multiple cuts inside his mouth, and a strained shoulder as a result of the incident. The State claimed P.G. committed the delinquent act of first-degree theft, in violation of Iowa Code section 714.2(1) (2016).

On April 1, 2016, P.G. attended a party at the home of B.A., an acquaintance. During the party several items were stolen from the home. A small safe, which was a cube measuring about sixteen to eighteen inches per side, was taken from the home. The safe contained items worth approximately $100,000. A broken window from an upstairs bedroom led officers to believe the safe had been thrown out the window. T.N. testified he was standing outside the home and heard a loud crash. When he looked, he saw a box near the house. T.N. observed P.G. run out of the house, pick up the box, then place it in a red Grand Am. O.R. testified he drove a red Grand Am and P.G. got a ride to and from the party with him. After the party, D.B. testified he saw a video of a person

holding a bunch of twenty dollar bills on a Twitter account he associated with P.G. When D.B. commented on the video, he received the response, "profit from that house." The State claimed P.G. committed the delinquent act of first-degree theft, in violation of section 714.2(1).

On July 16, 2016, T.N., who was a witness to the theft on April 1, 2016, received a photograph from P.G. on Snapchat showing P.G. with his fist up and stating, "Watch your head [T.N.]. Snitches get stiches." There was also a photograph of T.N.'s police statement and a caption, "Man I didn't touch no safe [T.N.]" The State claimed P.G. committed the delinquent act of tampering with a witness, in violation of section 720.4.

On September 1, 2016, P.G. admitted committing theft in the first degree based on the incident in February 2016 and tampering with a witness. There was a hearing on the remaining claim of first-degree theft. In an adjudicatory order, the juvenile court determined P.G. committed the delinquent act of first-degree theft by taking the safe from the home of B.A. In the dispositional order, the court determined P.G. should be placed at the State Training School. P.G. appeals the adjudicatory and dispositional orders.

## II. Standard of Review

"Juvenile delinquency proceedings are not criminal prosecutions, but are special proceedings that serve as an ameliorative alternative to the criminal prosecution of children." *In re J.D.F.*, 553 N.W.2d 585, 587 (Iowa 1996). "Juvenile delinquency proceedings are reviewed de novo." *In re S.M.D.*, 569 N.W.2d 609, 610 (Iowa 1997). We give weight to the factual findings of the

juvenile court, but are not bound by them. *J.D.F.*, 553 N.W.2d at 587. Our objective "is to ensure an outcome that is in the child's best interests." *In re J.K.*, 873 N.W.2d 289, 293 (Iowa Ct. App. 2015).

### III.     Sufficiency of the Evidence

P.G. claims the State did not present sufficient evidence to prove he committed the delinquent act of first-degree theft on April 1, 2016. He states there is insufficient evidence to show he was the person who took the safe from the home. P.G. claims T.N.'s testimony is unreliable because T.N. was intoxicated that evening. P.G. points out O.R., who gave him a ride in his red Grand Am, testified he did not see the safe in the back of the vehicle. He also points out there was no evidence showing he had possession of any of the items taken from the home.

In juvenile delinquency proceedings, "[w]e presume the child is innocent of the charges, and the State has the burden of proving beyond a reasonable doubt that the juvenile committed the delinquent acts." *In re A.K.*, 825 N.W.2d 46, 49 (Iowa 2013). On our de novo review, we examine the evidence to determine whether the State has proven beyond a reasonable doubt the child violated a statute. *See In re D.S.*, 856 N.W.2d 348, 352 (Iowa 2014).

The State presented evidence to show P.G. got a ride to the party at B.A.'s house from his friend, O.R., in O.R.'s red Grand Am. B.A.'s parents kept a small safe, which contained items worth approximately $100,000, in their bedroom closet. The window in the bedroom was broken from the inside, leading to the conclusion the safe was thrown out the window. T.N., who was acquainted

with both P.G. and O.R., testified he was outside B.A.'s home when he heard a loud crash and saw a box on the ground. T.N. saw P.G. run out of the house and go around the corner, then pick up the box and put it in a red car. T.N. stated he was not drinking alcohol while he was at the party. P.G. later left the party in O.R.'s red Grand Am. While O.R. testified he believed T.N. was intoxicated at the party and he never saw a box in his vehicle, O.R. admitted consuming seven to eight beers and agreed he was under the influence of alcohol while he was at the party.

We find the State proved beyond a reasonable doubt P.G. committed the delinquent act of first-degree theft. We agree with the juvenile court's conclusion, finding "the testimony of [T.N.] to be the most compelling evidence of who committed the theft, which was the only contested element for the Court to decide." As the court noted, there was no evidence T.N. was biased, "as he was not friends with the homeowner and only acquainted with [P.G.]."

## IV. Dispositional Order

P.G. claims the juvenile court improperly removed him from his home and placed him at the State Training School. He states there was a complete lack of violence in his history and it was not necessary to place him out of the home.

The State argues this issue is now moot because P.G. has been discharged from the State Training School. P.G. is no longer a minor, having had his eighteenth birthday, and was discharged from the State Training School when he completed his high school diploma. We do not reach the merits of whether P.G. should have been placed at the State Training School because the

issue is now moot. *See In re B.B.*, 516 N.W.2d 874, 877 (Iowa 1994). "An issue is moot if it no longer presents a justiciable controversy because it has become academic or nonexistent." *Id.*

We affirm the decision of the juvenile court.

**AFFIRMED.**